IN RE ESTATE OF JOHN F. PITT, Deceased,

Estates of decedents: CLERK'S FEE: HOW DETERMINED. The real
property of an intestate and the rents arising therefrom descend
immediately upon his death to his heirs, and except as the same
may be required for the payment of debts are not to be con-
sidered in estimating the value of the estate, for the purpose of
determining the fee which the clerk of courts is authorized to
charge for his services in the settlement of the estate. Thus
where the intestate left a homestead and real property in another

state, neither of which were required for the payment of debts, the value of the same should not be considered in fixing the clerk's fee.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

TUESDAY, DECEMBER 12, 1911.

JOHN F. PITT, a resident of Polk county, died intestate February 4, 1910, leaving a widow and two daughters, one a resident of Des Moines and the other of Washington, D. C. The property left by him consisted of a house and lot situated in Des Moines occupied by deceased as a homestead and thereafter by the widow and unmarried sister, of the value of $3,500, a half interest in certain real estate in the state of Idaho valued at $4,000, a leasehold interest in a lot and part of another located in Des Moines of no value above the amount of rent reserved, and $5,000 in personal property. The widow presented a petition alleging the property of deceased and its value as above recited, and prayed that she be appointed administratrix of the estate, accompanied by a sufficient bond, to the clerk of the district court of Polk county, and at the same time tendered $5 as the fees to which the officer was entitled for services to be rendered in the settlement of the estate. The clerk declined to receive the same or to file the petition or approve the bond or issue letters of administration unless the maximum fee of $10 was first paid. Such sum was subsequently paid under protest, and a motion in the district court to retax was overruled. Upon certificate of the presiding judge that an appeal should be allowed, the administratrix has brought the case to this court.—*Reversed.*

*Dale & Harvison,* for appellant.

*W. S. Ayres,* for appellee.

Ladd, J.—The sole issue is whether the clerk of the district court was authorized by section 296 of the Code Supplement to exact the payment of a fee of $10 for his official services in the estate of John F. Pitt, deceased. He was "entitled to charge and collect . . . for all services performed in the settlement of the estate of any decedent, except where actions are brought by the administrator or against him, or as otherwise may be provided herein, where the value of the estate does not exceed three thousand dollars, three dollars; where such value is between three and five thousand dollars, five dollars; where such value is between five and seven thousand dollars, eight dollars; where the value exceeds seven thousand dollars, ten dollars."

Deceased left personal property of the estimated value of $5,000, which was amply sufficient to satisfy all debts, a homestead valued at $3,500, a leasehold interest of no value, and an half interest in certain land situated in the state of Idaho of the value of $4,000. If, then, the value of the homestead or the land in the state of Idaho be included in estimating the value of the state, the clerk was right in fixing his fees at $10; but, if these are to be excluded, the tender of $5 made by the administratrix was sufficient. The propriety of demanding the fees in advance is not questioned by appellant and for this reason is not considered. It is apparent that no services by the clerk with reference to either tract of real estate were possible. The homestead either continued as such in the occupancy of the widow, or descended directly to the heirs of deceased, and in either event was exempt from any indebtedness contracted since it was acquired. Section 2985, Code. As the personal property was ample for the discharge of the debts of the deceased, neither the homestead, even though acquired subsequent to the creation of these, nor the land in Idaho, even though auxiliary proceedings might have been resorted to for the payment of the debts, could

be resorted to for this purpose. So that the rendition of services by the clerk in connection with the devolution of title was impossible unless it were in filing the affidavit of the administratrix stating the list of heirs or in examining the records of the county to ascertain if deceased left real estate; but compensation for such examination is to be specially allowed by the court. Section 3412, Code. Neither the filing of such affidavit nor the examination can in any manner affect the transmission of title to the real estate.

It descends to the heirs *eo instante* upon the death of the ancestor with the quantity of each definitely ascertained. From that instant, subject to the right of the administratrix to resort thereto for the payment of the debts of the deceased, they may dispose of the particular property as owners as they choose and are entitled to possession and to the rents and profits. If, in certain contingencies, the administrator takes possession of real estate, this is as official agent of the owners to care for the estate and conserve the rents and profits for their benefit under the direction of the court. The devolution of title is not interrupted or affected thereby, nor by the right of the administrator to sell or mortgage for the satisfaction of debts as each heir may transfer his definite portion subject thereto. *Herriott v. Potter,* 115 Iowa, 648; *Schneider v. Schneider,* 125 Iowa, 1; *In re Estate of Pennock,* 122 Iowa, 622; *Hook v. Garfield Coal Co.,* 112 Iowa, 210.

The land, or its recent rents and profits, can only be resorted to for the satisfaction of debts for the payment of which the personal estate is inadequate, and then only on suit brought by the administrator to which the heirs are made parties and have notice. *Toering v. Lamp,* 77 Iowa, 490; *Valley Nat. Bank v. Crosby,* 108 Iowa, 656; *Milburn v. East,* 128 Iowa, 101.

But the paragraph of the statute quoted expressly excepts actions by or against the administrator, and manifestly for the reason that ample provision is made for the clerk

in the taxation of costs therein. Whether the proceeds derived from the sale of land on application of the administrator may be included in estimating the value of an estate in fixing the fees of the clerk, there is no occasion to determine, for until such sale these do not come into the hands of the administrator for distribution, and surely the clerk can not assume in advance that a sale will be necessary, and therefore include the value of land in estimating his fees.

Enough has been said to make it clear that ordinarily no services are rendered by the clerk in connection with real property in the adminstration of an estate of a deceased person, and that none were or might reasonably be expected to be rendered in connection with the homestead or land in Idaho left by Pitt. This statute and all others relating to the payment of fees proceed on the theory that such payment is exacted for something actually done by the officer for the benefit of the litigant, and we are of opinion that the word "estate," as employed in the paragraph of the statute quoted, means the estate administered in court.

The services for which compensation is allowed are those rendered "in the settlement of the estate," and "the value of the estate" by which the amount of the clerk's fee is to be determined is of that being settled in court. Primarily, the administration is of personal property only. An inventory of chattels only is required (sections 3300, 3311, Code), and whether it shall be involved in the administration is contingent on whether there shall be enough personalty to satisfy the debts. Our conclusion is that the word "estate" is employed in the paragraph quoted in a restricted sense of the estate to be administered, and not broadly as referring to that not involved therein regardless of location. It follows that the clerk was entitled to collect but $5 as his fees, and the order of the district court is *reversed.*