CARL W. GRULICH, Appellant, *v.* CHARLES PAINE,
Respondent.

Streets — traffic regulations — negligence — when driveway
running from one street to another, past railroad station and
used by public in going to and from station, is a street within
purview of statutes regulating management of vehicles in
public streets — collision between motorcycle and automobile
at intersection of such driveway and intersecting street —
plaintiff not guilty of contributory negligence when defendant
disobeyed traffic regulations.

1. A paved driveway fifty feet wide and a block long, running
west from one street to another in the city of Oswego past a railroad
station, which is intended for the use of people with vehicles and
in common use by them in going to and from the station, is, so far
as obedience to traffic rules is concerned, a public street and persons
using or crossing the same should observe the rules, generally observed
and enforced, which regulate the use and the crossing of streets where
another street intersects or abuts, and which rules are required by
and in pursuance of the statutes of this state regulating the manage-
ment of vehicles when turning to the left from one street into another.
(General Highway Traffic Law; Cons. Laws, ch. 70, § 11, subd. 2,
§ 12, subds. 4, 6; Highway Law, Cons. Laws, ch. 25, § 286, subd. 3;
Ordinance of City of Oswego, § 295.)

2. Plaintiff on the day of the collision in question was riding his
motorcycle south upon a street which crossed such driveway leading
to the station; there was no one in sight on said street or driveway
except plaintiff and defendant who was driving an automobile down
the east side of the street, and plaintiff and defendant were, at that
time, about one hundred and fifty feet apart. Plaintiff looked into
the driveway and then turned to look south again. At this time and
as plaintiff was passing the driveway, defendant was so close to
plaintiff that the latter could not stop in time to avoid a collision.
The evidence shows that defendant did not turn into the driveway
by making the turn to the right of the intersection of the driveway
and the street, and thence into the driveway, but crossed the street
and into the driveway on a diagonal line commencing south of the
curb line of the driveway. *Held,* that the Appellate Division erred
in reversing the judgment for plaintiff upon the ground that he was
guilty of contributory negligence as a matter of law; that the defendant
failed in turning into the driveway from the street to obey the rules

promulgated by the statutes and ordinance relating to turning from a street into a cross street, and that such failure to obey such rules at the place in question was at least such evidence of unusual conduct under similar circumstances that plaintiff cannot be held as matter of law to be guilty of contributory negligence, because he continued to ride to the south and failed to look a second time to see where defendant was driving his automobile, and in assuming that defendant would not cross his path from his left at the south curb of the driveway without giving him some notice or signal of his approach.

*Grulich* v. *Paine*, 181 App. Div. 969, reversed.

(Argued May 13, 1921; decided May 31, 1921.)

APPEAL from a judgment entered December 12, 1917, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*J. T. McCaffrey* and *John R. Pidgeon* for appellant. Plaintiff had a right to assume that defendant would continue north around the center of the intersection before turning left into the driveway, thus passing to the rear of plaintiff's motorcycle. (*Duryee* v. *Mayor of New York*, 96 N. Y. 477; 2 McQuillin on Mun. Corp. 1748; *People ex rel. Heiner* v. *Keeper, etc.*, 55 Misc. Rep. 614; *Matter of Cooper*, 22 N. Y. 67; *People* v. *Potter*, 47 N. Y. 375; *People* v. *N. Y. C. R. R. Co.*, 13 N. Y. 78; *Beebe* v. *Griffing*, 14 N. Y. 235; *Matter of School Board*, 157 N. Y. 566; *Matter of Rochester*, 66 N. Y. 413; *McGaffin* v. *Cohoes*, 74 N. Y. 387; *People* v. *Feitner*, 168 N. Y. 360; *Rosenplanter* v. *Rossle*, 54 N. Y. 262; *Matter of Washington St. Ry.*, 115 N. Y. 442.)

*Elisha B. Powell* for respondent. Plaintiff failed to prove the absence of negligence upon his part; admitted he paid no attention to defendant's automobile; so as a matter of law was guilty of contributory negligence. (*Bowden* v. *L. V. R. R. Co.*, 118 App. Div. 418; *Avery*

*v. N. Y., O. & W. Ry. Co.,* 205 N. Y. 502; *Barnasky v. N. Y., O. & W. Ry. Co.,* 226 N. Y. 435; *Baxter v. A. & S. Y. R. R. Co.,* 190 N. Y. 443; *Ward v. Clarke,* 189 App. Div. 344.)

CHASE, J.   This action is brought to recover damages for personal injuries received by the plaintiff as the result of a collision between his motorcycle and the defendant's automobile.   The plaintiff is a young man, who on October 13, 1915, was employed in Oswego.   At noon he took his motorcycle and started riding thereon toward his home about one and a half miles away.   In going home he went south on West First street and it was necessary for him to pass an abutting driveway and cross Utica street.   West First street is an open paved street sixty-six feet wide from curb to curb with a trolley railroad track in the center.   Utica street is one hundred feet south of the driveway and crosses West First street at right angles and in the center of it are the tracks of the New York Central railroad.

It is conceded that the driveway is owned by the New York Central Railroad Company and that it is not a public street of the city of Oswego.   It runs west from West First street to West Second street and passes the north side of the New York Central railroad depot, the front of which faces on Utica street.   The driveway is paved, fifty feet wide from curb to curb and in common use by the public.   On the day of the collision as plaintiff rode his motorcycle south up the west side of West First street there was no vehicle or person within the curb line and within sight on West First street, Utica street or the driveway, except plaintiff with his motorcycle and the defendant who was driving an automobile down the east side of West First street.

The jury could have found that when the plaintiff was twenty-five feet north of the north curb of the driveway he saw the defendant coming down the east side of

West First street, about seventy-five feet south of a line extended from the south curb of the driveway, and that plaintiff and defendant were then about one hundred and fifty to one hundred and seventy-five feet apart; that plaintiff looked toward the candy works which has a driveway and is on the east side of West First street, and then into the driveway back of the depot and turned to look south again; that he was then near the curb at the southwest corner of the driveway and West First street and the front of defendant's automobile was but two feet from him and so close that he could not stop in time to avoid a collision; that plaintiff turned his motorcycle towards the west and the collision occurred as plaintiff was inside the west curb line of West First street and very near the south curb line of the driveway; that the motorcycle came between the front lights of the automobile and both machines were to some extent injured; that the motorcycle was overturned and plaintiff fell to the pavement and was pushed along thereon by the automobile for about six feet and when they stopped plaintiff lay from two to four feet north of the south curb of the driveway and about six feet inside of the west line of West First street; that the automobile was standing in a southeasterly and northwesterly direction with its front wheels against the motorcycle and the back wheels in West First street; that on approaching the driveway the defendant did not blow a whistle or horn or give any signal; that plaintiff was running about ten miles an hour and could have stopped the motorcycle in four or five feet and the defendant was running the automobile about twenty miles an hour.

The testimony presented at the trial by the defendant with reference to the collision differs materially from that presented by the plaintiff except that it substantially shows that the defendant crossed West First street on a diagonal line commencing south of the south curb line

of the driveway and approached the driveway near its south curb.

At the Trial Term the jury found a verdict in favor of the plaintiff. An appeal was taken from the judgment entered thereon to the Appellate Division where the judgment was reversed and the complaint dismissed. No opinion was written at the Appellate Division. In the order of reversal, however, it is said: "Held, that the plaintiff was guilty of contributory negligence as matter of law." One of the justices dissented and voted for affirmance.

The reversal upon the law implies that the Appellate Division has examined the facts and is satisfied therewith but finds that on the law the plaintiff was guilty of contributory negligence. (Code of Civil Procedure, section 1338; *Larkin* v. *N. Y. Telephone Co.*, 220 N. Y. 27.)

Accepting the facts as the jury could have found them and by which facts so found this court is controlled in view of the reversal of the judgment of the Trial Term by the Appellate Division as a matter of law, we will consider the question as to whether the Appellate Division were right in so reversing that judgment. Some of the statutes of this state are as follows: "A vehicle turning to the left into another street, shall, before turning, pass to the right of and beyond the center of the intersecting street." (General Highway Traffic Law [Cons. Laws, ch. 70], section 11, subd. 2.)

"The driver of a vehicle turning into another street to the left, shall proceed past the center of the intersection of the two streets before turning and shall turn around the center of the intersection of the said streets." (Highway Law [Cons. Laws, ch. 25], section 286, subd. 9; Ordinance City of Oswego, section 295.)

"Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his

right." (General Highway Traffic Law, section 12, subd. 4.)

" The vehicle having the middle line of the highway on its left shall have the right of way. In meeting both vehicles shall keep to the right." (General Highway Traffic Law, section 12, subd. 6.)

It is urged by the defendant that the statutes quoted are not applicable to the place of the collision because the driveway is not a public street of the city of Oswego. It is undisputed, however, that the driveway was intended for the use of people with vehicles, at least in going to and from the railroad depot. Neither is it disputed that it was and had been in common use by the public. It was paved, curbed and had every appearance of a public street. The defendant was at the time of the collision about to use it as a public street. If the driveway had been at the time a public street as it appeared to be, assuming as we do that the facts as they might have been found by the jury are true, the defendant violated each of such statutes.

It is not necessary in this opinion to discuss as in an action for a penalty the question whether a failure to obey either of said statutes when entering the driveway would subject the person so violating them or either of them to a penalty. The statutes are intended to promote safety, order and convenience. The same reasons why drivers of motor vehicles should observe the rules that are generally accepted and enforced in crossing streets where another street intersects or abuts, exist at the entrance of the driveway in question as if it had been dedicated to and accepted by the public. The failure to obey them at that place was at least such evidence of unusual conduct under similar circumstances that plaintiff cannot be held as a matter of law to be guilty of contributory negligence because he continued to ride to the south and failed to look the second time to see where the defendant was driving his automobile and in assuming

that defendant would not run across his path from his left at the south curb of the driveway without giving him some notice or signal of his approach.

We think the Appellate Division was in error in holding that the plaintiff was guilty of contributory negligence as a matter of law.

This court can neither grant a new trial nor remit the case to the Appellate Division for further hearing but must reverse the Appellate Division and reinstate the judgment of the Trial Term. (*Larkin* v. *N. Y. Telephone Co., supra; Matter of Shonts*, 229 N. Y. 374; *Cannon* v. *Fargo*, 222 N. Y. 321; *Reis Co.* v. *Zimmerli*, 224 N. Y. 351.)

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.