Richard H. Nichols  
     vs.    No. 1139.  
James Wood  

November 16, 1925

BLODGETT, J. Hear upon motion for new trial after verdict of the jury for plaintiff.

Action arose from the collision of a motorcycle and an automobile at the corner of Warwick and Crompton avenues between one and two p. m. on March 20, 1921. Plaintiff was driving a motorcycle on Crompton avenue, toward its intersection with Warwick avenue. Defendant was driving a Ford touring car on Warwick avenue, toward its intersection with Crompton avenue, intending to turn left into Warwick avenue. The defendant was therefore entitled to the right of way. At that corner of the two avenues, on the left of defendant, stood a lawn enclosed within a stone wall extending on both streets. Upon the top of this wall stood a picket fence. In this wall on the Warwick avenue side, about ten feet from the corner, stone steps led up to said lawn.

The plaintiff, 59 years of age, testified he was approaching the intersection at the rate of 6 or 7 miles per hour; that he was on the right hand side of Crompton avenue; that the grade sloped slightly downwards; that it was possible to look over the lawn on his right at the intersection of the two streets and see into Warwick avenue; that as he approached Warwick avenue, he looked to his right and saw nothing coming on that street; that he was the length of his machine (5 feet) beyond the corner of Warwick avenue when defendant's car struck his car head on; that defendant cut that corner short.

William H. Nichols, for the plaintiff, testified that he was driving a motorcycle 30 feet in the rear of plaintiff and that defendant drove his car out of Warwick avenue on the left side and struck car of plaintiff 5 feet from the corner of Warwick avenue.

Henry Joubert, witness for plaintiff, was seated upon the steps in the wall. He testified that he stood up when he heard the sound of brakes on Crompton avenue; that at this time the car of defendant was directly in front of him on the left side of Warwick avenue; that he saw the two cars come together.

Ovide Coutu, another witness for the plaintiff, testified that he was seated upon these steps beside the former witness; that he heard the squealing of the brakes upon plaintiff's car; that he stood up and saw this car of plaintiff on Crompton avenue about 15 feet from the corner of Warwick avenue; that at that time the car of defendant was in front of him about 6 feet from the curb on left side of Warwick avenue; that the two cars came together about the center of Crompton avenue.

Defendant testified he approached Crompton avenue on the right hand side of Warwick avenue, sounded his horn, and proceeded to turn to his left upon the right of the centre of the intersection when plaintiff ran directly into his car.

In other words, the testimony on the part of plaintiff and defendant was absolutely contradictory.

The questions as to negligence of defendant and the contributory negligence of plaintiff were both submitted to the jury for determination.

The sole question raised upon this motion for a new trial is whether the preponderance of evidence on these issues was disregarded by the jury. If defendant in making the turn into Crompton avenue, did not comply with the plain requirement of the law of this state to keep to the right of the center of the intersection of the two streets, the jury might from the testimony determine that defendant was guilty of negligence. The Court can not say the verdict was against the weight of the evidence upon this issue.

The question as to contributory negligence on the part of the plaintiff is more difficult of determination.

Plaintiff could see into Warwick avenue as he approached same and testifies he looked and saw nothing. It was his duty to see what could be seen. When, as testified by plaintiff's witnesses, plaintiff applied the brakes 10 or 15 feet from the intersection, it might be inferred it was by reason of the fact that he then saw the car of defendant. It was his duty to have his car under control in approaching this corner and to give defendant the right of way.

It has been held in cases that this right of way is a matter of "mutual forebearance." The supreme rule of the road is the rule of mutual forebearance.

Ward vs. Clarke, 232 N. Y. 195.

A motorist is not obliged to anticipate another's negligence.

How vs. John Dalay, 260 Pa. St. 418.

Failure to anticipate the omission of due care on the part of another approaching an intersection does not render one negligent.

Grultch vs. Paine, 231 N. Y. 311.

When motorists are approaching an intersection on different streets, neither is bound to stop until to his apprehension as a reasonable man he ought to see that to continue his course is to incur peril of collision.

Nelson vs. Hedin, 184, Ia., 657.

Upon motion for new trial after verdict it is the duty of the trial court to simply determine whether the jury disregarded the weight of the evidence, and in this case, in the opinion of the Court, whether the jury disregarded the weight of the evidence as to contributory negligence on the part of the plaintiff.

There was evidence, which the jury could believe if it saw fit, that plaintiff was proceeding on the right hand side of Crompton avenue at a legal rate of speed; that he looked over into Warwick avenue as he approached the intersection and saw no vehicle approaching on that street;· that he had reached a point in Warwick avenue five feet beyond the corner on his course across the same when the defendant with his automobile cut the corner on the left side of Warwick avenue and came into collision with his motorcycle.

On the other hand, the jury could, had it seen fit, have believed the story of defendant and his witnesses that defendant, in approaching Crompton avenue, intending to turn left into said street, kept to the right of the centre of the intersection of the two streets, and that plaintff on his motorcycle ran into his car beyond the centre of Crompton avenue.

Would the Court be warranted in determining that the weight of the evidence was disregarded?

"The plaintiff, who was conveying a party of soldiers from Camp Devens to Boston, in his automobile, was proceeding easterly on Broadway in Cambridge. He was on his right hand side of the street, near the curb as he approached Boardman street, which enters Broadway from the south * * * He sounded his horn, and slowed down, so that he was moving only from 5 to 8 miles an hour when he was passing the intersection of the two streets. The defendant's truck

* * * was coming along Broadway from the direction of Boston, westerly, and in the car tracks. The driver ** * without giving any signal suddenly turned to his left, cut short and went in front of plaintiff's car, making the collision inevitable. * * * The facts bring the case within the general rule, that where a collision occurs at intersecting streets between automobiles, the issues of the plaintiff's due care and the defendant's negligence ordinarily present questions of fact for the jury."

Dillon vs. Plimpton, 239 Mass. 588.

In the case of Waltess vs. Davis et al., 237 Mass. 206, plaintiff was approaching a much travelled avenue on an infrequently travelled narrow line, and the point of intersection of the two ways was dangerous because the view from each way to the other was obscured by trees and shrubbery. Plaintiff testified that as he approached the avenue there was a place about one hundred feet from the junction of the two streets where he could get a view of the left of the avenue which was the direction in which he intended to turn; that he looked in that direction and saw nothing; that about fifty-seven feet from the corner he sounded his horn; that when the radiator of his car was about flush with the end of the lane he looked to his left and could see 125 or 150 feet but did not see any automobiles; that he then proceeded to cross; he also testified that the width of the lane where it enters the avenue was 32 feet; that as he swung into the avenue his car was about 28 inches from the left hand side of the lane upon which he was travelling; that the travelled part of the lane was about 22 feet; that he could not have turned into the avenue without running close to left hand side on account of the length of the wheel base of his car; that if he had been on the right hand side of the lane he probably could have seen clear down the intersecting avenue.

There was evidence that the plaintiff violated two statutes regulating the operation of motor vehicles on highways, viz: In running his car at said intersection at a greater rate than eight miles per hour, and secondly by failure to observe the statutory requirement in approaching the crossing of two ways of slowing down and keeping the right of the centres of both ways. The Court says, as to speed at the intersection:

"He (plaintiff) testified that as he approached the intersection of the street and the avenue, he ran his car ten miles an hour; under St. 1910, c 605, par. 6, the operation at such a place of a motor vehicle at a rate of speed exceeding eight miles an hour is prima facie evidence of a speed greater than is reasonable and proper —still it was a question for the jury to determine under all the circumstances whether the automobile was operated at a rate of speed greater than was reasonable and proper."

Commonwealth vs. Casidy, 209 Mass. 24.

As to the second infraction of the statute, the Court says:

"The testimony of Walters (plaintiff) shows that he turned into Magnolia avenue at the left of the intersection of the centres of the ways in violation of the statute; he testified that it was necessary to do so on account of the narrowness of the avenue and the length of his car. While it is difficult for us to see why he could not have complied with the terms of the statute, still it was a question of fact for the jury whether his admitted violation of the statute caused or contributed to the collision or was only an attendant circumstance. "

In this Massachusetts case the Court says:

"While the question is close, we are of the opinion that it could not have been ruled as matter of law that negligence of Walters (plaintiff) contributed to the accident."

In this case defendants moved for direction of a verdict in their favor. This was denied. The jury found for the plaintiff. Defendants alleged exceptions. Exceptions overruled.

The case now under consideration is a very close one. The granting of a new trial on the ground that the weight of the evidence disclosed contributory negligence on the part of plaintiff must be based upon consideration of the weight of testimony most favorable to plaintiff. There was the testimony of two witnesses, seated upon the steps near the corner of the two streets, and on the left hand side of Warwick avenue, that defendant approached Crompton avenue on the left hand side of Warwick avenue. There was also testimony on the part of witnesses for plaintiff that defendant in turning into Crompton avenue at the intersection cut the corner close to the left side of Warwick avenue.

The Court is of the opinion that facts were submitted to the jury upon which the jury might find the plaintiff guilty or not guilty of contributory negligence, and that the preponderance of the evidence is not so great as to warrant the Court to grant a new trial upon that ground.

The Court does not feel the damages found to be excessive.

Motion denied.

For Plaintiff: L. V. Jackvony.

For defendant: Fitzgerald & Higgins.