MARIE NYGAARD, APPELLANT, V. LUCILLE STULL, APPELLEE.
21 N. W. 2d 595

FILED JANUARY 25, 1946. No. 31982.

*Dressler & Neely*, for appellant.

*Brown, Crossman, West, Barton & Fitch*, for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an action to recover damages for personal injuries sustained in an automobile accident. The jury returned a verdict for the defendant and the plaintiff appeals from the judgment entered in accordance therewith.

The assigned errors relate solely to the correctness of one instruction given by the trial court and its failure to give an additional instruction, which the plaintiff contends should have been given. In view of the nature of the errors assigned, a brief statement of the evidence will suffice.

On February 11, 1944, the plaintiff was riding in the rear seat of an automobile being driven by her husband from a point on Dodge Street to a restaurant located on South Sixth Street in Omaha. There were five occupants in the car, two in the front seat and three in the back seat. The evening of the accident was clear and cold. There was much snow on the ground, especially where it had been removed from the center of the street and piled along the curb. They pursued a route which took them south up the Tenth Street viaduct. Plaintiff and the witnesses called by her testify that they proceeded south on the viaduct at a speed of 15 to 20 miles an hour until they came to the ramp near the Union Pacific station at which time the speed was reduced to 10 or 12 miles an hour in order to make a left turn into the ramp. Plaintiff's witnesses testify that they saw the lights of defendant's car in the distance approaching from the south and that they would have had ample

time to clear the street on which defendant's car was traveling if it had been driven at a reasonable rate of speed. Plaintiff's witnesses state that as the front of the car in which plaintiff was riding arrived at the curb line it was struck near the right rear wheel by defendant's car, causing the injuries affording the basis of this suit.

Defendant's evidence is to the effect that defendant's car was being driven north on the viaduct at a speed of 18 to 20 miles an hour and that just before it arrived at the point of the collision the car in which plaintiff was riding suddenly and without warning darted into the path of defendant's car, causing the accident.

The case was presented to the jury on these two theories and no contention is made that the case was not one for the jury to determine under proper instructions.

In her first assignment of error the plaintiff contends that instruction No. 9 was erroneous and prejudicial to the rights of the plaintiff. The instruction was as follows: "The ramp is more in the nature of a private way and is not to be classified as an intersecting street and, therefore, the defendant would have the right-of-way over anyone entering such ramp, but this right is not an absolute one that may be exercised under all conditions, and if in the exercise of ordinary care the defendant could reasonably see that by insisting upon such right-of-way a collision would probably result it would be the duty of the defendant to exercise ordinary care to avoid an accident even to the extent of foregoing her right-of-way, and her failure to do so under those conditions would be evidence of negligence in that respect."

It is the contention of the plaintiff that the point, where the ramp entered the viaduct, was an intersection within the meaning of the statute, sec. 39-741, R. S. 1943, providing the rules of the road to be observed at intersecting streets and highways.

The applicable provisions of section 39-741, R. S. 1943, are: "(5) The term 'highway' includes every way or place of whatever nature open to the use of the public, as a mat-

ter of right, for the purposes of vehicular travel, but shall not be deemed to include a roadway or driveway upon grounds owned by private persons, colleges, universities or other institutions. (6) The term 'private road or driveway' includes every road or driveway not open to the use of the public for purposes of vehicular travel. (7) The term 'intersection' includes the area embraced within the prolongation of the lateral curb lines or, if none, then the lateral boundary lines of two or more highways which join one another at an angle, whether or not one such highway crosses the other."

It is clear from the evidence that the ramp in question was constructed by the Union Pacific Railroad Company for the use of the public in carrying on its business with the public. It is not disputed that the ramp was intended for the use of people with vehicles, especially those having business with the railroad company. It is not questioned that it was and had been in common use by the public. It was paved and had every appearance of a public street and the plaintiff was at the time of the collision about to make use of it as a public street. The public was entitled to use it as a matter of right for the purpose of vehicular travel. It was, therefore, a highway as defined by the statute. The evidence shows that it joined Tenth Street on the viaduct and, in our opinion, it thereby formed an intersection as defined in the statute. Crossler v. Safeway Stores, Inc., 51 Idaho 413, 6 P. 2d 151; Commonwealth v. Gammons, 23 Pick. 201; and Grulich v. Paine, 231 N. Y. 311, 132 N. E. 100. This being true, the trial court should have instructed the jury as in any other intersection accident, and its failure to do so constitutes reversible error. The instruction given places a greater degree of care upon the driver of the car in which plaintiff was riding than the law requires.

The plaintiff assigns as error the failure of the trial court to instruct that the failure of the defendant to have her automobile equipped with chains might be considered negligence in view of the undisputed evidence that the streets were covered with snow and ice on the evening of the acci-

dent. The record does not show that such an instruction was tendered and refused by the court, nor does it show that it was assigned as error in the motion for a new trial. Consequently, the assignment is not properly before us for review.

For the reasons given the judgment is reversed and the cause remanded for a new trial.

REVERSED.