Bill Lee Herman, appellee, v. Norman L. Muhs, appellant.

No. 51234.

(Reported in 126 N.W.2d 400)

February 11, 1964.

McDonald, McDonald & Carlin, of Davenport, for appellant.

Dennis J. Britt and Winter & O'Toole, all of Davenport, for appellee.

MOORE, J.—While driving west on U. S. Highway 67 about 9:30 p.m., July 25, 1960, plaintiff started to pass defendant's automobile traveling in the same direction. At that time defendant turned left to enter Lunex Corporation road going south. A collision occurred. This is an action, tried to the court, for resulting damage to each vehicle. The court found defendant negligent for failure to signal for his left turn, plaintiff free from contributory negligence and entered judgment for the stipulated amount of plaintiff's damage. Defendant has appealed.

The sole question here concerns the issue of contributory negligence. It is brought into sharp focus by the trial court's ruling that the area where the accident occurred was not an intersection within the meaning of Code section 321.304 and plaintiff's concession that if it was such an intersection he was contributorially negligent as a matter of law in passing there. Plaintiff claims no legal excuse.

We have consistently held that violation, without legal excuse, of a statute which prescribes care required under given conditions constitutes negligence per se. Kisling v. Thierman, 214 Iowa 911, 915, 916, 243 N.W. 552, 554; Florke v. Peterson, 245 Iowa 1031, 1034, 65 N.W.2d 372, 373; Cunningham v. Court, 248 Iowa 654, 664, 82 N.W.2d 292, 298; Kohler v. Sheffert, 250 Iowa 899, 905, 96 N.W.2d 911, 915.

Other than on the question whether defendant gave a signal of his intention to turn left, the evidence is not in dispute. The roadway to the south is not shown on the maps of the county auditor's office as a public road. It is a dead-end road leading to the Lunex Corporation and then to the quarters of approximately 75 families. It is used for ingress and egress for Lunex Corporation and families living thereon. Mailboxes and a stop sign are on the road near where it enters Highway 67. It does not continue across and north of 67. Both parties prior to the accident had used this road.

The trial court found the evidence failed to establish this road was open to use of the public for the purpose of vehicular traffic as a matter of right. While not agreeing with this finding, defendant argues such proof is not required. Defendant contends Code section 321.304 prohibits passing to the left at "any" intersection and is not limited to intersections of public highways.

60 C. J. S., Motor Vehicles, section 352, page 836, states:

"The question whether statutes prescribing the duties of drivers at intersections apply at a place where a highway meets a private way depends on the terms of the particular statutes involved."

Our Code section 321.304 provides:

"No vehicle shall, in overtaking and passing another vehicle * * *, be driven to the left side of the roadway under the following conditions: * * *

"2. * * * when approaching within one hundred feet of or traversing any intersection * * *."

If our statutory provisions were limited to this section we might agree with defendant but there are other considerations. Code section 321.1 provides:

"Definition of words and phrases. The following words and phrases when used in this chapter shall, for the purpose of this chapter, have the meanings respectively ascribed to them. * * *

"48. 'Street' or 'highway' means the entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic. * * *

"54. 'Intersection' means the area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

We have long recognized the rule that where the language of a statute is plain and unambiguous and its meaning clear and unmistakable there is no room for construction, and we are not permitted to search for its meaning beyond the stat-

ute itself. Eysink v. Board of Supervisors, 229 Iowa 1240, 1244, 296 N.W. 376, 378; In re Adoption of Alley, 234 Iowa 931, 933, 14 N.W.2d 742, 744; Iowa-Illinois Gas & Elec. Co. v. City of Bettendorf, 241 Iowa 358, 361, 41 N.W.2d 1, 3; Dingman v. City of Council Bluffs, 249 Iowa 1121, 1126, 90 N.W.2d 742, 746; Cowman v. Hansen, 250 Iowa 358, 362, 92 N.W.2d 682, 684.

In Jones v. Thompson, 240 Iowa 1024, 1036, 38 N.W.2d 672, 678, we said:

"The only legitimate purpose of statutory construction and interpretation is to ascertain the legislative intent. And when the language of the statute is so clear, certain and free from ambiguity and obscurity that its meaning is evident from a mere reading, then the canons of statutory construction are unnecessary, because there is no need of construction and interpretation. We need not search beyond the wording of the statute. These are general rules, and this court has uniformly so held in many decisions."

The meaning of the word "any" has been considered by us in Iowa-Illinois Gas & Elec. Co. v. City of Bettendorf, 241 Iowa 358, 363, 364, 41 N.W.2d 1, 4, and by the many authorities cited therein. It is synonymous with "every" and "all". As used in Code section 321.304 it simply means all intersections, whether a T intersection or otherwise. It in no way changes the statutory definition of "intersection" which required a junction of two highways both of which are open to use of the public, as a matter of right, for the purpose of vehicular traffic.

Defendant also contends since section 321.288 (control of vehicle) uses the phrase "intersection of public highways" it is obvious the use of "any intersection" in section 321.304 makes the definition of intersection different from that found in section 321.1. We do not agree. We find no basis for holding the word "any" changes the statutory definition of "intersection".

Section 321.288 was first enacted in its present form in 1924 (section 5031). At that time the definition of highway was as follows:

Section 4863 " 'Highway' shall include any public high-

way, county road, state highway or state road, public street, avenue, alley, park, parkway, driveway, square or place, bridge, viaduct, trestle, or any territory or structure, whether public or private, designed, intended or used by or for the general public for the passage of vehicles * * *."

Section 321.304 was enacted when the present definition of "highway" was also enacted. It appears the legislature used "public highway" advisedly in 1924 as the definition was then much broader. With the new definition of "highway" it would have been redundant for the legislature to insert the words "of public highways" after "intersection" in section 321.304.

We believe reference to the history of the two sections clearly establishes defendant's contention is without merit.

We conclude the trial judge was correct in his determination the location was not shown to be an intersection within the statutory definition and plaintiff was not contributorially negligent as a matter of law.

While the statutes of other states vary to some extent from ours, we believe our holding is supported by Dudley v. Surles, La. App., 11 So.2d 70; Osborne v. Lee, Fla., 57 So.2d 652; Sweeney v. City of Albany, 94 Ga. App. 887, 96 S.E.2d 527; Highfill v. Brown, Mo., 320 S.W.2d 493, and McKinney v. Ballard, Ky., 352 S.W.2d 200. Somewhat contrary holdings are made in Koutsky v. Grabowski, 150 Neb. 508, 34 N.W.2d 893, and Nygaard v. Stull, 146 Neb. 736, 21 N.W.2d 595. We prefer to follow what we think is the majority rule.—Affirmed.

All JUSTICES concur.