KROBLIN REFRIGERATED X PRESS INC., appellant, v. EDWARD LEDVINA et al., appellees.

No. 50768.

(Reported in 127 N.W.2d 133)

John D. Randall, of Cedar Rapids, for appellant.

Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, for appellees.

MOORE, J.—This is an action arising out of a collision of plaintiff's tractor and semitrailer and a car owned by defendant Edward Ledvina driven by his son, Larry Joe. Both vehicles were traveling east on Highway 30 in Stanwood about 11:15 p.m. January 16, 1960. As the semi attempted to pass from the rear, the car started a left turn from the highway toward a roadway to the north. The left front of the car came in contact with the right front of the trailer after which both vehicles left the pavement. The semi upset in the north ditch east of the roadway. Plaintiff brought this action for the resulting damage to the semi. Edward Ledvina counterclaimed for damages to his automobile.

Both claims were submitted to a jury which returned a verdict for defendants on plaintiff's petition and a verdict for defendant, Edward Ledvina, against plaintiff and fixed the amount of his recovery at "none".

Plaintiff has appealed from the judgment entered on the verdict denying its claim. Plaintiff asserts the trial court erred in (1) permitting cross-examination of plaintiff's driver as to whether he made a statement immediately after the accident, as to his speed and permitting defendants' witnesses to testify accordingly, (2) failing to give requested Instruction No. 3 and giving Instruction No. 10 in respect to a proper signal of intention to turn left, (3) submitting the specification of speed in

excess of the lawful rate, and (4) overruling its motion for a new trial.

Defendants in the first four divisions of their brief argue plaintiff's assignments of error. In their fifth division they argue for an affirmance on the ground their motion for directed verdict at the close of all the evidence should have been sustained and therefore the assigned errors were without prejudice.

Highway 30 runs east and west along the south edge of Stanwood, is straight, level and 24 feet wide. Regular highway 35-mile-per-hour speed signs are there posted. North of highway 30 at least 30 feet is a parallel public access road the west end of which is at Maple Street, a north-south street. The access road runs east from Maple Street about two blocks. Seven business establishments are on the north side thereof. One block east of Maple is Boling Avenue, a public improved north-south roadway, which is improved between 30 and the access road but not farther north. A regular highway Stop sign requires southbound traffic on Boling Avenue to stop before entering 30.

On the night of the accident defendant, Larry Joe Ledvina, drove his father's car south on Maple Street past the access road and to the Stop sign at highway 30. After stopping he entered 30, made a left turn and drove east at a speed of 10 to 15 miles per hour. He testified he observed plaintiff's semi four blocks to the west before driving onto the highway, he turned on his electric left-turn signal more than 100 feet west of Boling Avenue where he intended to turn to go to a restaurant, he started a gradual left turn about 15 feet west of Boling Avenue and the collision happened immediately thereafter. A companion gave substantially the same testimony.

Robert Richmond, plaintiff's employee and driver, was driving the semi east on 30 hauling a load of meat to Pittsburgh, Pennsylvania. He was following another unit of plaintiff which was headed for the same destination. Richmond lived at Sumner, Iowa, and drove through Stanwood on highway 30 at least once a week over a period of three years. He was familiar with the entire area along the highway. The night of the accident was cold but clear. Although there was snow on the shoulders of the road, the pavement was clear and dry. Richmond testi-

fied he reduced his speed from 50 to 35 miles per hour upon entering the west edge of Stanwood, that he was a block and a half or two blocks west of Maple Street when he observed the car enter highway 30, he observed it at all times thereafter until the collision, he observed its taillight but no left-turn signal was given, as he approached the car he observed there was no traffic approaching from the east, the way was clear, he blinked his lights, sounded his horn, turned out to start to pass the car, accelerated his vehicle to about three times as fast as the car and as the front of his semi was about even with the rear of the car, it started a turn to the left. He estimates the turn was started 60 feet west of the roadway. Upon observing the car start to turn, Richmond immediately applied the brakes and pulled to the left but was unable to avoid the collision. After the accident, measurement of the semi's skid marks showed 30 feet on the pavement, 39 feet on the shoulder and an additional 39 feet across Boling Avenue. It came to rest with the rear end 96 feet east of Boling. The automobile became fastened to the side of the semi and was pulled along and off the highway. Both vehicles were damaged.

On direct examination Richmond testified when he first got out the boys asked him if he was hurt and nothing else was said. On cross-examination he denied he made any statement about his speed. The trial court, over plaintiff's objection, permitted the boys to testify Richmond had made a statement about speed but sustained objections to what was actually said by Richmond. The court instructed the jury that evidence was to be considered only as to Richmond's credibility.

Defendants' offer to prove Richmond immediately after being helped from the semi said he guessed he was "going a **little too fast**" and that he guessed he was "going about **45 miles** per hour" might well have been received in evidence as part of the res gestae. Under very similar facts we so hold in Hackman v. Beckwith, 245 Iowa 791, 64 N.W.2d 275.

The Stanwood town records, the land records of the Cedar County recorder and the testimony of an engineer clearly establish the roadway onto which defendant, Larry Joe Ledvina, was attempting to turn is the south part of Boling Avenue, a

platted, dedicated and used public roadway in Stanwood. The records show it is platted as 66 feet wide and 366 feet east of Maple Street. Harold Bentley, Stanwood town councilman, testified Boling Avenue had been surfaced and maintained between highway 30 and the access road as a Stanwood municipal function. From personal knowledge he testified it is a public roadway. All this evidence is undisputed in the record.

It therefore is important to determine at the outset whether defendants' contention raised in Division V of their brief and argument has merit. They argue the evidence, including the unequivocal admissions of plaintiff's driver, establishes without dispute the semi attempted to pass the automobile from the rear within 100 feet of an intersection in violation of Code section 321.304 and plaintiff was therefore contributorially negligent as a matter of law. They assert their motion for a directed verdict on that ground at the close of the evidence should have been sustained.

I. We are firmly committed to the view that the successful party may, without appealing, save the judgment if error was committed against him which, if corrected, will make the result reached in the trial court a right result. McCuddin v. Dickinson, 230 Iowa 1141, 1143, 300 N.W. 308, 309; Iowa Electric Co. v. Home Insurance Co., 235 Iowa 672, 675, 17 N.W.2d 414, 416; Lawrence v. Tschirgi, 244 Iowa 386, 389, 57 N.W.2d 46, 47; Brandt v. Schucha, 250 Iowa 679, 682, 96 N.W.2d 179, 181.

Thompson v. Butler, 223 Iowa 1085, 1092, 274 N.W. 110, 113, states:

"A successful party without appeal or assigning errors may show that on the face of the record he is entitled to the judgment because of errors committed against him, though errors had also been committed against appellant."

II. Our Code section 321.304 provides:

"No vehicle shall, in overtaking and passing another vehicle * * *, be driven to the left side of the roadway under the following conditions: * * *

"2. * * * when approaching within one hundred feet of or traversing any intersection * * *."

■ In Florke v. Peterson, 245 Iowa 1031, 65 N.W.2d 372, we held violation of the above section of our Code, without legal excuse, was contributory negligence as a matter of law.

■ That ruling is in line with our consistent holdings that violation, without legal excuse, of a statute which prescribes care required under given conditions constitutes negligence per se. Kisling v. Thierman, 214 Iowa 911, 915, 243 N.W. 552, 554; Cunningham v. Court, 248 Iowa 654, 664, 82 N.W.2d 292, 298; Kohler v. Sheffert, 250 Iowa 899, 905, 96 N.W.2d 911, 915.

Plaintiff did not before the trial court, nor does it here, contend the evidence shows anything making compliance with the statute impossible. It makes no claim of legal excuse.

■ III. The real issue is whether the juncture of roadway and highway 30 is an intersection within the statutory definition thereof.

In ruling on this issue the trial court said:

"The defendants' motion for directed verdict is overruled, it being the opinion of the court that the defendants have failed to establish by a preponderance of the evidence that this roadway in question in this case was an intersection as contemplated by the legislature in the laws regarding motor vehicle traffic upon the public highway of this state. The court further is of the opinion that this roadway in question is a public highway but is of the opinion that all public highways entering upon a street or highway do not constitute an intersection. And in this particular case it does not constitute an intersection to the extent that it is controlled by the laws relative to intersections when dealing with the motor vehicle laws of the State of Iowa."

We do not agree with the trial court's conclusion. In our recent case, Herman v. Muhs, 256 Iowa 38, 126 N.W.2d 400, we considered the statutory definition of "intersection". To be consistent we must hold the juncture of Boling Avenue and highway 30, under the undisputed evidence, is an intersection within our statutory definition.

Code section 321.1 provides:

"Definition of words and phrases. The following words and phrases when used in this chapter shall, for the purpose of this chapter, have the meanings respectively ascribed to them. * * *

"48. 'Street' or 'highway' means the entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic. * * *

"54. 'Intersection' means the area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

Boling Avenue and highway 30 are open to the use of the public, as a matter of right, for the purpose of vehicular traffic. Under the plain and unambiguous definitions of the statute, we must conclude the place where they meet is an intersection as the term is used in section 321.304, and plaintiff's driver was negligent in attempting to pass defendants' vehicle within 100 feet thereof.

IV. Although not argued by plaintiff, the question of whether that negligence was contributory as a matter of law **must be considered.**

September 17, 1962, we amended rule 344, Rules of Civil Procedure, by adding paragraph lettered (f). We deemed each of the propositions set out in the seventeen subparagraphs so well established that authorities need not be cited in support of them. Our purpose was to shorten briefs and opinions. Rule 344(f)10 provides:

"Generally questions of negligence, contributory negligence, and proximate cause are for the jury; it is only in exceptional cases that they may be decided as matters of law."

This brings us to the question whether we have here an exceptional case where contributory negligence may be decided as a matter of law.

We have frequently said it is only in rare and exceptional cases that the question of contributory negligence is withdrawn from the jury and decided by the court as a matter of law. The evidence must be so clear that reasonable minds will not differ on the question of the presence of such negligence. Richards v. Begenstos, 237 Iowa 398, 411, 21 N.W.2d 23, 30;

Auen v. Kluver, 250 Iowa 619, 622, 95 N.W.2d 273, 275; Paulsen v. Mitchell, 252 Iowa 65, 68, 105 N.W.2d 603, 605; Weppler v. Smith, 252 Iowa 679, 685, 108 N.W.2d 247, 251, and citations.

Here, violation of section 321.304 by plaintiff's driver without legal excuse was clearly negligence per se or as a matter of law. We think it equally clear such violation contributed directly to the collision and plaintiff's resulting damage. There is no room for a contrary finding. Hence there was contributory negligence as a matter of law which bars plaintiff's recovery.

We believe our conclusion is supported by Florke v. Peterson, 245 Iowa 1031, 65 N.W.2d 372.

Our holding requires affirmance of this case. However, we have considered plaintiff's assigned errors and are not persuaded any of them would require a reversal.—Affirmed.

All JUSTICES concur.