**In the Matter of the ESTATE of Paul A. BRAUCH, Deceased, Appellants,**

**v.**

**Arlan H. BEECK, Clerk of District Court of Plymouth County, Iowa, and John A. Hoffman, Jr., Referee in Probate, in Said District Court, Appellees.**

**No. 54079.**

Supreme Court of Iowa.

Nov. 10, 1970.

E. P. Murray, LeMars, for appellants.

William S. Sturges, County Atty., and John A. Hoffman, Jr., LeMars, for appellees.

MOORE, Chief Justice.

Paul A. Brauch died intestate on November 8, 1966. His estate is being probated in Plymouth County District Court. The filed appraisement shows personal property valued at $136,254.08 and real estate at $106,412.42.

Based on the appraised value of the personal and real property the clerk's settlement fee was taxed at $190 and that of the probate referee at $100. The administrators filed a motion to retax said fees alleging they should be based only on the appraised value of the personal property. They alleged the real estate descends to the heirs instantly upon the death of the

deceased, subject only to the rights of the administrator to sell for payment of debts and that the personal property is more than sufficient to pay the debts and cost of administration.

The trial court's order overruling the motion to retax settlement and referee fees includes:

"The value of real estate was included by the legislature in arriving at the total of the estate for purposes of fixing the settlement fee by Chapter 425, Section 1, of the Acts of the 61st General Assembly, approved March 19th, 1965.

"Chapter 326, Section 20, of the Acts of the 60th General Assembly, approved May 16th, 1963, authorized district court judges to fix compensation of referees."

After obtaining a certificate from the lower court as required by rule 333, Rules of Civil Procedure, because of the small amount involved, administrators have appealed. We affirm.

I. Administrators, as they did in the trial court, rely here on the holding of In re Estate of Pitt, 153 Iowa 269, 133 N.W. 660 (1911). There the court observed that under the then existing statutes and law the real estate passed to the heirs eo instante upon the death of an ancestor. Also the land or its rents could be resorted to for the satisfaction of debts if the personal property was inadequate and then, on suit brought by the administrator to which the heirs had to be made parties. The court further observed an estate inventory of chattels only was required. The court construed the statutory use of "estate" as meaning personal property only in the absence of a necessity to sell real estate to pay debts. The court held the clerk's settlement fee was to be based on value of the personal property.

The Pitt holding is of little value here due to statutory changes of our probate laws, some of which we point out infra.

II. Subsection 9 of Code section 633.-361 requires the personal representative in an estate, within 60 days after his appointment, to file with the district court clerk an inventory including an "Inventory of all real estate of the decedent in the State of Iowa, giving values and accurate descriptions of each tract".

Under Code section 633.363 failure of the personal representative to promptly file an inventory the clerk of court is required to report forthwith such failure to the court for an order as may be necessary to enforce making and filing of the inventory.

Code section 633.386 provides: "Sale, mortgage, pledge, lease or exchange of property—purposes.

"1. Any real or personal property belonging to the decedent, except exempt personal property and the homestead, may be sold, mortgaged, pledged, leased or exchanged by the personal representative for any of the following purposes:

"a. The payment of debts and charges against the estate;

"b. The distribution of the estate or any part thereof;

"c. Any other purpose in the best interests of the estate.

" *   *   *."

Chapter 425, section 1, of the Acts of the 61st General Assembly (1965), now section 606.15(29), Code 1966, to which the lower court referred regarding settlement fees for the clerk strikes subsection 29 of section 606.15, Code 1962, and inserts in lieu thereof the following: "29. For all services performed in the settlement of the estate of any decedent, minor, insane person, or other persons laboring under any legal disability, except where actions are brought by the administrator, guardian, trustee, or person acting in a representative capacity or against him, or as may be otherwise provided herein, where the value of the personal property and

real estate of such a person falls within the following indicated amounts, the fee opposite such amount shall be charged.

| Value | Fee |
| --- | --- |
| Up to $3,000.00 | $ 5.00 |
| Between 3,000.00 and 5,000.00 | 10.00 |
| Between 5,000.00 and 7,000.00 | 15.00 |
| Between 7,000.00 and 10,000.00 | 20.00 |
| Between 10,000.00 and 15,000.00 | 25.00 |
| Between 15,000.00 and 25,000.00 | 30.00 |
| For each additional $25,000.00 or major fraction thereof | 20.00" |

█ Counsel for administrators concedes the language of section 606.15(29) is clear and unambiguous. He argues the legislature went too far in including real estate as well as personal property as the basis of charging the clerk's settlement fee. Administrators would have us apply the reasoning and holding of the Pitt case. Faced with clear statutory language we find their position untenable.

█ We have long recognized the rule that where the language of a statute is plain and unambiguous and its meaning is clear and unmistakable there is no room for construction, and we are not permitted to search for its meaning beyond the statute itself. Kruck v. Needles, 259 Iowa 470, 476, 144 N.W.2d 296, 300; Herman v. Muhs, 256 Iowa 38, 40, 41, 126 N.W.2d 400, 401, 7 A.L.R.3d 1199.

█ No constitutional question is raised by administrators. The legislature may enact any law desired provided it is not clearly prohibited by some provision of the Federal or State Constitution. It is not the province of courts to pass upon the policy, wisdom or advisability of a statute; they are questions for the legislature. Strong v. Town of Lansing, Iowa, 179 N.W.2d 365, 367; Kruck v. Needles, supra; Rath v. Rath Packing Co., 257 Iowa 1277, 1285, 136 N.W.2d 410, 414.

█ III. The referee's fee was determined and fixed on the basis of the appraised value of the personal property and real estate according to the rule and rate fixed by the judges of the 18th Judicial District which includes Plymouth County.

Chapter 326, section 21, Acts of the 60th General Assembly (1963) now section 633.21, Code 1966, provides: "Appraisers' fees and referees' fees fixed by rule. The district court sitting en banc shall by rule fix the fees of probate referees. It shall also by rule provide, insofar as practicable, a uniform schedule of compensation for inheritance tax appraisers, other appraisers, brokers, and agents employed at estate expense."

The record discloses no evidence the referee's fee was unreasonable.

We find no error in the lower court's denial of administrators' motion to retax the clerk's settlement fee or that of the referee.

Affirmed.

All Justices concur.