ROBERT LUNDAY and WIFE, plaintiffs in error, vs. FRANCIS THOMAS, et al., defendants in error.

[1.] When a witness is sworn by one party, in chief, the other party has, in general, the right to cross-examine him at large.

[2.] Parol evidence to show fraud in a written agreement, is admissible.

[3.] When a writing is beyond the jurisdiction of the Court, verbal evidence of its contents is admissible.

[4.] The part which the agent takes in perpetrating a fraud for the benefit of the principal, is admissible in evidence, against the principal.

[5.] If evidence is beneficial to the party excepting to it, a new trial will not be granted, even although the evidence may be illegal.

[6.] An answer in chancery, is not evidence, except as against the party who made it; as to others, it is *res inter alias acta.*

[7.] Infants are not bound by their admissions.

[8.] Guardians have no right, to make compromises that are fraudulent as against their wards.

[9.] An infant is not bound by the acts of a solicitor, who is not his solicitor; nor by a decree obtained by his consent, if the decree is tainted with fraud.

[10.] The Act of 1837, (*Cobb*, 329.) does not authorize a guardian appointed in another State, to sue in this State, after both he and his ward have become residents of this State.

In Equity, in Laurens Superior Court. Tried before Judge LOVE, October Term, 1858.

This was a bill originally filed by Ann Jane Hampton, against Francis Thomas, administrator of Robert T. Coates, deceased. Subsequent to the filing of the bill, complainant intermarried with Robert Lunday, who was made a co-plaintiff.

The bill in substance alleged, that said Robert T. Coates departed this life in September, 1852, possessed of a large estate, consisting of lands, negroes, notes and money; that during his last illness he made a nuncupative will, whereby he bequeathed to complainant all the property he inherited from his grand-father, John Thomas, deceased, and the residue of his estate he bequeathed to his two half-brothers, Edward J. Coates and John G. Coates; that complainant

was the maternal aunt of deceased; that said Edward J. and John G. Coates are minors, and William R. Steely their guardian, duly appointed by the proper Court.

The bill further states, that after the death of the said Robert J. Coates, complainant propounded said nuncupative will for probate in the Court of Ordinary of Laurens county, to which said Steely, as guardian aforesaid, filed a caveat; that the Court of Ordinary pronounced against said will; from which decision complainant appealed.

Pending the appeal, complainant and Steely made and entered into the following compromise and agreement, to-wit: That the negroes which deceased obtained from his grand-father, John Thomas, be divided into three equal portions or lots, one of which was to belong to complainant, one to Edward J. Coates, and one to John G. Coates; the portion set off to said minors to be delivered to their guardian. Also, that the notes and money belonging to deceased, received from his grand-father, or arising from property thus received, be divided into two equal parts; one of which was to be paid or turned over to complainant, and the other to said Steely, as guardian aforesaid.

The bill further states, that upon this agreement and compromise, a verdict was taken in the appeal case in favor of complainant, as propounder of the nuncupative will, and the same was set up and established.

The bill further states, that the defendant, Francis Thomas, was the administrator of Robert T. Coates, deceased, and had the possession of his entire estate, and that he refused to turn over and pay to complainant, the share or portion of said estate to which, under said agreement, she was entitled. And the prayer of the bill was that the defendant be compelled so to do.

Steely and the two minors, Edward J. Coates and John G. Coates, were afterwards made parties defendant to complainant's bill.

Francis Thomas, the administrator of Robert T. Coates,

answered, admitting the facts as to the death of his intestate, and the proceedings in relation to the alleged nuncupative will, and that defendant had been appointed administrator, &c., but he denied that his intestate made any nuncupative will, and that the one proposed to be set up was invalid as such, not being made in pursuance of law. He also denied the validity of said agreement and compromise made between them, complainant and Steely, on the ground that Steely was not the guardian of said minors, the young Coateses, at the time.

The answer of Steely admitted the facts stated in the bill, as to the death of Robert T. Coates, and the proceedings had at the instance of complainant, to set up a nuncupative will; and pending these proceedings, complainant and himself did make and enter into a compromise and agreement, of and concerning said suit, as stated in said bill; but defendant submits that he had no authority to make any agreement or compromise in relation thereto, that would be binding on the said Edward J. and John G. Coates, minors and sole heirs at law of deceased. That he had been appointed their guardian by the Probate Court of Marshall county, in the State of Alabama, while he resided in said State; that he afterwards removed to and became a citizen of the State of Georgia; and it was after his removal to this State, that said proceedings were had, and said agreement and compromise made; and when, as he insists, his authority and powers as guardian under the appointment in Alabama, had ceased and determined. Defendant further submits and insists, that said compromise is invalid, and not binding upon the heirs at law, upon the grounds that the same was made, in part, upon other considerations than those therein stated, and in prejudice and fraud of the rights and interests of said Edward J. and John G. Coates—one and the main reason and consideration to his entering into said compromise and agreement, being the promise made to him by Andrew Y. Hampton, the executor of John G. Coates, deceased, that if said

case was settled, and said nuncupative will admitted to pro-
bate, that he, Hampton, would deliver to this defendant, the
land and negroes, and other property coming to him in right
of his wife, from the estate of said John G. Coates. Defend-
ant says that said Hampton has not, however, paid or deliv-
ered to him said property; neither has Thomas, the admin-
istrator, paid or delivered to him, as guardian aforesaid, the
estate of said minors, in his hands, and that thus the two
main considerations for said agreement have failed.

Upon the trial complainants, amongst other evidence, in-
troduced *William S. Rockwell, Esq.*, to prove the destruction
of the original agreement set forth in the bill, and that the
copy offered was a correct copy thereof. The witness was
then turned over, and defendants proposed to examine him
generally, touching the facts of the case.

Complainants objected to the witness stating any terms,
stipulations or agreements, outside the written contract. The
Court overruled the objection, and complainants excepted.

Defendants then proposed to ask the witness relative to an
order written by him for Andrew Y. Hampton to sign, for the
purpose of obtaining a commission from the Ordinary of
Laurens county, to divide the estate of John G. Coates, de-
ceased, and the contents thereof, it being first proved that
the order was delivered to Hampton, and that he was be-
yond the jurisdiction of the Court. Complainants objected;
the Court overruled the objection and admitted the testimo-
ny, and complainants excepted.

Defendants then proposed to show by this witness, that a
fraud had been committed by complainants, through a third
person, not a party to the record, but her agent, in procuring
the agreement and compromise set out in complainants' bill.
Complainant objected to this proof. The Court overruled
the objection, and complainants excepted.

Defendants then proposed to prove by Rockwell, the re-
sult of calculations made by him, upon vouchers and re-
turns, as to the indebtedness of John G. Coates' estate to him,

as executor; the calculation itself, the vouchers or returns, were not offered. Complainants objected; the Court overruled the objection, and complainant excepted.

Complainant, in rebuttal, tendered in evidence the sworn answer of Andrew Y. Hampton, to a bill filed by Steely and wife against him, for an account and distribution of the estate of John G. Coates, deceased, and which contained his vouchers and returns of the indebtedness of said estate to Hampton, as executor, and the amounts received by him. The Court repelled this testimony, and complainants excepted.

The testimony being closed, complainants requested the Court to charge:

1st. That Courts of Ordinary in Georgia are Courts of general jurisdiction. They are clothed with original and exclusive jurisdiction, (except by appeal,) in the broadest terms, over testate and intestate estates.

2d. That the probate of a will in Georgia can be revoked only by appeal to the Superior Court; and the verdict of a special jury in such case is conclusive.

3d. That a Court of Equity has general and concurrent jurisdiction with Courts of Law, in all matters of fraud, except fraud in obtaining a will; and if the will be of personalty, then it is cognizable only in the Court of Ordinary.

4th. It is the legal consequence of the exclusive jurisdiction of the Ecclesiastical Courts, in matters relating to the validity of wills, that their decisions are conclusive of the right determined; hence, a probate of a will in said county is conclusive, both in law and equity, as to the validity of such will, so far as it embraces personalty, and it cannot be impeached for fraud.

5th. That the judgment of the Court of Ordinary, admitting a will to probate, is conclusive against all the world, and not re-examinable by any other Court.

6th. That a verdict cures all defects in pleading, and also

all defects that could have been taken advantage of before verdict.

The Court refused so to charge, but told the jury that the charge above requested to be given them was law, but it did not apply to the case, as the validity of the will of Robert T. Coates was not in issue before them; that this bill was filed to enforce the agreement, and not the provisions of the will; that the provisions of the two were altogether different, and there was no necessary connection between them.

To which charge and refusal to charge complainants excepted.

Counsel for complainants requested the Court to charge, that an admission by a party is more conclusive, and to be taken stronger against him than the verdict of a jury. The Court refused so to charge, but stated to the jury that this principle of law, though correct, applied to adults, but not to infants; and complainants excepted.

Counsel for complainants requested the Court to charge, that guardians of minors had the right to compromise for their wards, where the compromise was for their interest, and a Court of Equity will enforce the same. In lieu of this, the Court charged the jury, that this principle of law was correct, but they must be satisfied from the evidence that there was no fraud, and that the compromise was manifestly for the interest of the infants; and complainants excepted.

The Court was further requested by counsel for complainants to charge, that infants in general are bound by the conduct of their solicitors, acting *bona fide* in their behalf, as well as adults; and that they were bound by a decree by consent, without reference to a master to enquire whether it was for their benefit. The Court charged the jury that these were correct principles of law, but did not apply to this case, unless they should be satisfied that the agreement was not tainted with fraud, and was manifestly for the benefit of the infants; and that they must also be satisfied that the solici-

tor was employed by a properly constituted guardian. To which charge and refusal complainants excepted.

Complainants' counsel requested the Court to charge, that the probate of the will could not be set aside, unless there was fraud in procuring it. This the Court refused, but charged that this did not apply to the case before them, as the validity of the will was not in question; and complainants excepted.

Complainants further requested the Court to charge, that if the will cannot be set aside, it was proper for them to enquire whether the compromise was for the benefit of the infants; and if it was, then it was their duty to enforce it. This the Court declined to charge, but told the jury that such charge would be proper if they should believe from the evidence, that there was no fraud in procuring the compromise, and it was for the benefit of the infants, but that the validity of the will was not in issue. To which charge and refusal to charge complainants excepted.

The Court was requested to charge, that a foreign guardian can sue and litigate in the Courts of this State, for his wards, and could consequently compromise said suit or suits. The Court charged, that if a guardian, residing and appointed in another State, afterwards removed to this State, his foreign letters abated, and he could not sue here as guardian. To which charge and refusal to charge complainants excepted.

The Court charged the jury that the question was, whether there was fraud in the agreement and compromise entered into by the parties thereto; and if none, whether said agreement and compromise was for the benefit of the infants, Edward J. and John T. Coates. To which charge complainants excepted.

The jury found for the defendants. Complainants moved for a new trial, upon the ground of error in all the rulings, decisions, charges and refusals to charge above excepted to, and because the verdict was contrary to law and the evidence.

The Court overruled the motion for a new trial, and complainants excepted.

Morgan, for plaintiffs in error.

Warren; and Iverson L. Harris, *contra.*

*By the Court.*—Benning J. delivering the opinion.

[1.] When a competent witness is called and sworn by one party, the other party will, ordinarily, and in strictness, be entitled to cross-examine him, though the party calling him does not choose to ask him a question. 1 *Green. Ev. sec.* 445.

*Wm. S. Rockwell* was sworn in chief by the plaintiff.

It follows that the Court below did *not* err, in permitting the defendants to cross examine him, generally.

[2.] One of the grounds of the defence, was, that the agreement on which the bill was founded, was made to defraud the two minors, Edward J. and Jno. G. Coates; and the matters in which the alleged fraud consisted, were stated in the answers. Parol evidence of fraud in an agreement, is admissible. The evidence of Rockwell, setting forth " terms, stipulations or agreements outside, and not contained in, the written contract," related to these matters of fraud. Therefore it was admissible; and the Court in admitting it, did *not* err.

[3.] When a paper is beyond the jurisdiction of the Court, verbal evidence of its contents, is admissible.

The order written by the witness, Rockwell, for A. Y. Hampton, to sign, was delivered to Hampton, and he was beyond the jurisdiction of the Court. The Court, therefore, in permitting the witness, to state the contents of the order, did *not* err.

[4.] Andrew Y. Hampton, was agent for Ann Jane Hampton, (now Mrs. Lunday,) in the part which he took in the matters in which, consisted the alleged fraud on the minors;

i. e., her agent; "in procuring the agreement to a consent-verdict before a special jury, and the withdrawal of the cave-at to the will." And what one does by his agent, he does by himself. Evidence of his participation in those matters, *was* therefore admissible.

[5.] Andrew Y. Hampton was the executor of John G. Coates, deceased, the father of the two minors, Edward J. and John G. Coates, and the first husband of Mrs. Steely, wife of Wm. J. Steely, who was claiming to be, and who was acting as the guardian of the two minors. Hampton claimed that the estate of Coates owed him, as executor, a large sum.

The defendants alleged, that Wm. J. Steely, to induce Hampton to aid in the compromise of the caveat, agreed to admit his claim at $3,000, and thereupon, gave him three notes of $1,000 each; one made by him, Steely, in his own right; one made by him, as guardian of Edward; and the other made by him, as guardian of John G. Coates. And the defendants proved these allegations.

Now, if the fact really was, that the estate was indebted to Hampton, to the amount of the notes, or, even to a less amount, the case was obviously better for the plaintiffs, than it would have been, if the fact had been, that the estate was not at all indebted to Hampton.

The testimony of Wm. S. Rockwell, giving "the result of calculations he had made, upon vouchers and returns, as to the indebtedness of the estate of John G. Coates to him, as executor of said estate," went to show, that the estate *was* largely indebted to said Hampton, as such execu-tor. The testimony, therefore, was not "against" the plaintiffs, but was beneficial to them; consequently, even if it was illegal testimony, its admission was not a ground for a new trial. The new trial Act of 1854, goes no further than to require, a new trial to be granted, when the illegal evidence is "against" the party excepting to its admission.

[6.] An answer in chancery, "is not evidence except against the party who made it, as to contradict his testimony in another cause; for with respect to others, it is *res inter alias acta.*" 1 *Stark. Ev.* 184.

Therefore, the Court was right in excluding the answer of Andrew Y. Hampton, made in the cause as against him in favor of Steely and wife.

[7.] The requests numbered, 1, 2, 3, 4, 5, 6, and 7, proceed on the assumption, that the validity, of the probate of the nuncupative will, was in issue. But we, agreeing with the Court below, think, that this assumption is not true. It is not the object of the bill, to have the probate, confirmed; nor is it the object of the answers, to have the probate, set aside. It is the object of the bill, to have that *part* of the compromise carried out, which relates to the property given by the compromise, to Mrs. Lunday; and it is the object of the answers, to prevent it from being carried out; an object which they seek to accomplish, not by attacking the *probate*, but by attacking the *compromise* itself, for fraud. Therefore, even if the object of the answers be attained, the other part of the compromise, that by which, the will was admitted to probate, will remain unaffected; and consequently, the probate itself will stand good, until got rid of by some new proceeding.

We think, therefore, that the Court was right in refusing to give these seven requests in charge.

[8.] It is, in general, true, that infants are not bound by their admissions. Therefore, the Court's qualification of the eighth request, we think, was a proper qualification.

[9.] If guardians have the right to make compromises for their wards, it is certainly true, that they have not the right to do so, fraudulently.

Therefore, we think that the Court's qualification of the ninth request. was a proper qualification.

[10.] The bill of exceptions, states the next two requests, and the disposition made of them, as follows:

" The Court was requested to charge the jury :"

" 1st. In general, infants, as well as adults, are bound by the conduct of their solicitors acting, *bona fide,* in their behalf."

"2d. Infants are bound by a decree taken by consent, although no reference to a Master to enquire, whether it was for their benefit."

" The Court told the jury, that these were correct principles of law, but did not apply to this case, unless the jury should be satisfied, that the agreement was not tainted with fraud ; was manifestly for the benefit of the minors; and, also, that they must be satisfied, that the solicitor was employed by a properly constituted guardian."

Surely it must be true, that an infant is not bound by the act of a solicitor, who is not his solicitor. And it must be equally true, that a decree obtained by the consent of infants, does not bind them, if the decree is tainted with fraud.

The questions on the next two requests, have been disposed of, in the disposition made of previous requests.

The last request and the disposition made of it, are stated as follows :

" The Court was requested to charge the jury, that a foreign guardian can sue and litigate in this State, for his wards, and has the consequent right and power, to compromise any suit which may be pending."

" The Court told the jury, that this was correct as a geneal principle, but did not apply to this case, if the guardian, Steely, had removed from Alabama to this State, at the time —for his letters obtained in Alabama, abated upon his removal to Georgia."

The " time" here meant, was the time when Steely appeared in the Court of Ordinary, and entered the caveat, as guardian of the two minors.

It is only by statute, that a guardian appointed in another State, can sue at all in this. And the statute goes no further, than to authorize such guardian to sue, if both he and the

Lunday et ux. vs. Thomas et al.

ward reside out of the State, at the time when he sues. *Cobb*, 329.

We think, that the qualification annexed to the request by the Court, was substantially correct.

Judgment affirmed.