### 14392. LAING *v.* PERRYMAN.

JENKINS, P. J. 1. In this action for damage sustained from the striking of the plaintiff's mule and buggy by the defendant's automobile, the evidence being conflicting, the general grounds of the plaintiff's motion for new trial are without merit.

2. The plaintiff amended his original petition, but without materially altering or adding to the original averments, except by alleging that the defendant, 92 feet before colliding with the defendant, had approached and crossed a bridge on the highway at a speed of 25 miles an hour, and in excess of the statutory limit of six miles an hour, and continued at such unlawful speed, and struck the plaintiff, "by reason of the fact that said defendant did not have said machine under control." While the original petition alleged merely that the plaintiff when struck was traveling west and crossing the highway on which the collision occurred, the amendment averred further that the plaintiff was proceeding on a road leading from his place of residence. The court charged the jury: "This petition has been amended by other allegations, which the court deems simply as illustrative of the situation where the collision oc-

curred, and not furnishing any additional allegations of negligence under the law or in this case;" and further that "the issue made by the petition of the plaintiff on one hand, and the answer on the other hand of the defendant, is what you are to try in this case." Error is assigned upon the ground that these instructions removed from the jury's consideration the amendment referred to, which the movant contends was not merely illustrative of the situation where the collision occurred, but set forth additional allegations of negligence on the part of the defendant. *Held:*

(*a*) The act of 1910 (Ga. L. 1910, p. 92, sec. 5; Park's Code, § 828 (e) ), which was in force as to civil actions when the injury in question occurred—December 9, 1919 — (see *Empire Life Ins. Co.* v. *Allen,* 141 *Ga.* 413, 81 S. E. 820; *Jones* v. *State,* 151 *Ga.* 502 (1), 506, 107 S. E. 765), provides as follows: "No person shall operate a machine on any of the highways of this State as described in this act at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property, and upon approaching a bridge, dam, high embankment, sharp curve, descent or crossing of intersecting highways and railroad crossings, the person operating a machine shall have it under control and operate it at a speed not greater than six miles per hour." The act requires merely that a person "upon approaching a bridge" shall have his machine "under control and operate it at a speed not greater than six miles an hour." In the instant case, whether or not the manner and speed in *approaching* the bridge in question, 92 feet from the scene of the collision, in contravention of the statute, could be taken as the proximate cause of the injury (*Southern Ry. Co.* v. *Pope,* 129 *Ga.* 842 (2), 60 S. E. 157; *Macon R. Co.* v. *Parker,* 127 *Ga.* 471, 56 S. E. 616; *Central Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413, 91 S. E. 517; *Hines* v. *Rubnitz,* 26 *Ga. App.* 354, 106 S. E. 589), the petition failed to show how such alleged acts caused or could have been the controlling cause of the collision. That portion of the amendment which alleged that the defendant, after crossing the bridge, failed to comply with the statutory requirements governing one approaching a bridge did not set forth a new ground of negligence, and therefore the charge complained of was not erroneous.

(*b*) The "crossing of intersecting highways" within the meaning of the act of 1910, supra, is an intersection or meeting of public thoroughfares as distinguished from private ways. 4 Words & Phrases, 3292. With reference to the averments in the amendment relating to a crossing of roads, there was no allegation or proof that the road on which the plaintiff was approaching and crossing the public highway traveled by the defendant was other than a private roadway leading from the plaintiff's place of residence. The remaining portions of the amendment did not materially alter or enlarge the allegations of the original petition. There was, therefore, no error in the instruction complained of, or in failing to refer to the amendment in question.

3. For the reasons stated in the preceding paragraph, the court did not err in failing to give in charge the language or substance of the latter portion of the section of the act (Park's Code, § 828 (e) ) relating to the manner and speed of approach by an automobile to a bridge or cross-

ing of intersecting highways, as complained of in ground 6 of the motion.

4. Error is assigned on the ground that the court failed to instruct the jury with reference to the provisions of the act of 1910 contained in Park's Code, § 828 (f), as follows: "Upon approaching a pedestrian in a roadway or highway as described in this Article, or a horse or horses or other draft animals being ridden or driven thereon the person operating the machine shall give reasonable warning of its approach by the use of a bell, horn, gong, or other signal and use every reasonable precaution to insure the safety of such person or animal, and in the case of horses or other draft animals, to prevent frightening the same." While the judge charged in substance the first portion of section 5 of the act (Park's Code, § 828 (e)), in this language, "Any person shall not operate an automobile on any of the highways of this State as prescribed under this section of the Code, that is, to wit, an automobile at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger life or limb of any person or the safety of any property," there was no reference in the charge to the provisions of the section with regard to signals on approaching draft animals. There being a conflict in the evidence upon the alleged ground of negligence that no signal was given, and as to whether the defendant could have seen the plaintiff before striking him on the public highway, the failure to instruct the jury as to the provision of the statute quoted was error requiring a reversal. *Whelchel* v. *Gainesville Ry. Co.,* 116 *Ga.* 431 (3) (42 S. E. 776); *Central R.* v. *Harris,* 76 *Ga.* 501, 511.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 27, 1923.

Damages; from Randolph superior court—Judge Custer presiding. January 20, 1923.

*J. E. McDonald,* for plaintiff.