36459. SWEENEY *v.* CITY OF ALBANY.

DECIDED JANUARY 18, 1957.

*Frank F. Faulk, Jr.,* for plaintiff in error.

*H. G. Rawls,* contra.

GARDNER, P. J. Sweeney was convicted in the Recorder's Court of the City of Albany for the violation of an ordinance penalizing failure to yield the right of way. He applied to the superior court for a writ of certiorari, which was granted, but which on the hearing was overruled, and he excepted.

According to the untraversed answer of the recorder, the charge grew out of a collision between the automobile being operated by Sweeney and an automobile being operated by one John Porter; that Sweeney was operating his automobile in a southerly direction on the Newton Road, a through highway in the city of Albany; that Porter drove his automobile from a private driveway which entered the Newton Road from the western side thereof into the Newton Road causing the front of his automobile to collide with the side of Sweeney's automobile; that both Sweeney and Porter were tried at the same time in the recorder's court for failure to yield the right of way and both were convicted; that Sweeney was convicted of violating the ordinance of the City of Albany embodied in Chapter 11, Section 49 of the code of said city which provides as follows: "The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway. When two vehicles approach an intersection from different highways at the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right"; that Porter was convicted of violating Section 32 of said code which provides as follows: "Emerging from alley or private driveway. The driver of a vehicle emerging from an alley, driveway or building shall stop his vehicle immediately prior to driving onto a sidewalk or into the sidewalk area extending across any alleyway, and upon entering the roadway shall yield the right of way to all vehicles approaching on such roadway"; that Sweeney was

operating his automobile in a fast and reckless manner, but was not charged with the violation of an ordinance fixing the speed limit, the charge being "failure to yield right of way."

It is contended that the conviction of Sweeney is illegal and unauthorized because he and Porter could not both at the same time be guilty of a failure to yield the right of way; that one or the other of them was entitled to the right of way and that, therefore, a conviction against both presents an inconsistent finding on the part of the recorder. In reaching a decision in this case it is unnecessary to decide that question. Porter's case is not before this court, and, considering the case only as to Sweeney, it appears from the untraversed answer of the recorder that his conviction is not supported by the evidence, but that, on the contrary the evidence demands a finding in his favor. The ordinance embodied in Chapter 11, Section 49 of the code of the City of Albany for the violation of which it conclusively appears that Sweeney was convicted deals with drivers of vehicles approaching an intersection. Section 68-1504 of the Supplement Subsection (2) (a) of the Code of Georgia Annotated, 1955 cumulative pocket part defines an intersection as follows: "The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict." Since the record shows conclusively that Porter was not on a highway, there is no intersection at the point of collision, and, accordingly, Sweeney could not be guilty of failing to yield the right of way on approaching an intersection.

The judge of the superior court erred in overruling the petition for writ of certiorari.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*