### 37876. HODGES *v.* THE STATE.

TOWNSEND, Judge. 1. Margaret Hodges was tried and convicted in the Criminal Court of Fulton County for violation of certain traffic laws. Count 1 alleged that she operated a motor vehicle "on Roswell Road, a public highway of said State and county, through a residence district in the City of Atlanta at a speed in excess of 35 miles per hour, and at an alleged speed of 80 miles per hour, the lawful speed limit in said residential district and upon said highway being 35 miles per hour." Such accusation charges a violation of State law, Code § 68-1626, which fixes the maximum legal speed in any business or residence district at 35 miles per hour and the maximum daylight speed at 60 miles per hour elsewhere unless reduced as provided in other sections of the act. The testimony of the arresting officers, who were following the defendant on various public roads of Fulton County, some within and some without the city limits, was that they were following her along the road in question at a speed of 80 miles per hour and "were not gaining on her", and that the area where she was traveling at this speed was a residential area where the speed limit was 35 miles per hour. The charge in this count of the accusation is that the defendant violated § 68-1626 (1) of the Code Supplement in that she drove in excess of 35 miles per hour in a business or residence district by driving 80 miles per hour therein. In order to be sufficient to convict, the evidence must show therefore that (1) she drove in such a district, and (2) that her speed was in excess of 35 miles per hour. She was not charged under subsection (2) of the act

which fixes the speed limit at 60 miles per hour from one-half hour before sunrise until one-half hour after sunset and at 50 miles per hour at other times, in places other than business or residence districts and places where the speed limits have not been reduced as otherwise provided in the act. Accordingly, the evidence merely that she was driving 80 miles per hour would not be sufficient to convict under this accusation, since the evidence must also show that she was in a business or residential district. The officer testified that she was traveling at a speed of 80 miles per hour in a residential area where the speed limit was 35 miles per hour. In the absence of any showing to the contrary, this testimony is sufficient to show that she was in such an area that had previously been so declared and appropriately marked, and nothing in this decision is to be construed as authorizing a peace officer to decide that a motorist who is driving an automobile on a public highway in this State in excess of 35 miles per hour is guilty of exceeding a speed limit where such driving occurs in an unmarked area which has not been previously determined as a business or residence district. To allow officers to arbitrarily decide this question would be an unlawful assumption of legislative powers, judicial approval of which could only result in the establishment of a police state here. There was, accordingly, sufficient evidence to support the verdict as to this count.

2. (a) In count 2 the defendant was charged with failing to obey a stop sign at the intersection of Jett Road and Powers Ferry Road, public highways of Fulton County, Georgia. The testimony of the police officers was that the defendant was proceeding down Jett Road and that she turned into Powers Ferry Road without stopping before entering the intersection as required by the stop sign, and that both of these roads are public highways. Accordingly, this count of the accusation also is supported by evidence.

(b) As to the contention that there was no proper proof that the defendant overran a stop sign authorized by law, the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., pp. 556 et seq.; Code, Chapters 68-15 through 68-17) provides (Code § 68-1611) that "local authorities in their respective jurisdictions shall place and maintain such traffic-control devices upon streets and roads under their

jurisdiction as they may deem necessary to indicate and to carry out the provisions of this law" all of which shall conform to the State manual and specifications as set out in Code § 68-1609. Code § 68-1610 provides that the State Highway Board shall maintain such devices upon State highways, whether in or out of the municipal limits, and subsection (c) thereof provides: "The disregard or disobeyance of the instructions of any official traffic-control device or signal, placed in accordance with the provisions of this law, by the driver of a vehicle, shall be deemed as prima facie evidence of a violation of law, without requiring proof of who and by what authority such sign or device has been erected." While there is evidence that the stop sign was at the intersection of two public roads, it does not appear whether the roads are State highways nor even whether they were inside or outside of the city limits. Since, however, a prima facie case of violation of law is made out under Code § 68-1610(c) by failure to obey such sign, without showing under what authority it was erected, and since there is no evidence that it was not erected by a proper authority, this contention is without merit.

3. The plaintiff in error in her brief makes the contention that the verdict as to both counts is contrary to law because it does not appear whether the defendant violated a State law or a municipal ordinance, citing Code § 68-1680 which provides in part: "Cities and local authorities may adopt traffic regulations which are not in conflict with the provisions of this law . . . and may, in order to insure complete uniformity and to expedite enforcement, adopt all or such portions of this law as to them may seem appropriate as city ordinances . . . Provided, however, that if the offense charged constitutes a violation of any provision of this law, and the defendant elects to have the charge treated as a State offense and waives commitment, the recorder or city judge shall summarily fix his bond and bind his case over to the appropriate State tribunal." Under Code § 68-1681, a conviction of the violation of either the State law or the municipal ordinance shall constitute res judicata as to the other tribunal for the same offense. It is accordingly the intent of the act that merely because an identical municipal ordinance exists, as to a traffic regulation, the jurisdiction of neither the State nor the municipal court is pre-empted by the other until there has been a conviction in one of them.

The existence of municipal ordinances must be pleaded and proved, as this court will not take judicial notice of the existence of such ordinances. *Irwin* v. *Torbert*, 204 *Ga.* 111, 120 (49 S. E. 2d 70). Judicial cognizance may not be taken of the location of streets within a municipality. *Harmon* v. *Harmon*, 209 *Ga.* 474 (2) (74 S. E. 2d 75). As to the violation of the State laws with which the defendant was charged, it does appear that the speeding on Roswell Road was partly within and partly without the city limits, and it does not appear whether the violation of the law requiring the defendant to stop at a stop sigh was inside or outside such limits, but in both cases the violation of a State law was alleged and proved. The verdict is not contrary to law as to either count on the ground that there may be municipal ordinances of the City of Atlanta pertaining to the same subject matter. The Judge of the Superior Court of Fulton County did not err in denying the certiorari.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 21, 1959—REHEARING DENIED NOVEMBER 4, 1959.

*James R. Venable*, for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, B. B. Zellars, Eugene L. Tiller*, contra.