38817.   ATLANTA METALLIC CASKET COMPANY
*et al.* v. HOLLINGSWORTH.

156

DECIDED JULY 12, 1961.

*Haas, Dunaway, Shelfer & Haas, George A. Haas, Benj. J. Blackburn, III,* for plaintiffs in error.

*Walter B. Fincher,* contra.

HALL, Judge. ■ In ground 4 defendants contend that the trial court erred in charging the jury that a "portion of *Code Ann.* § 68-1626 provides that the driver of every vehicle shall, consistent with the requirements of subdivision (a) (which the court later read to the jury) drive at an appropriate reduced speed when approaching an intersection," after having read to the jury plaintiff's allegation of negligence (d) above, and having charged that the violation of a State statute is negligence per se. Defendants contend that this charge was error because the evidence did not show that there was an intersection of "highways," as contemplated by the statute, at or near the place of the accident. Defendants' argument upon the evidence and the law does not support this contention, for these reasons: (1) "When approaching an intersection" is only one of the several instances mentioned in the statute in which a driver is required to reduce his speed. The Code section requires that the driver shall control his speed with regard to all the conditions of the highway. (2) The reference to the intersection in the allegation of negligence (d) is simply illustrative of the situation where the accident occurred, and does not state any additional specific ground of negligence, *Laing v. Perryman,* 31 Ga. App. 239 (120 SE 646). (3) Even if the allegation were construed to mean that the defendant was negligent in failing to slow down specifically at an intersection, the evidence would support a finding that there was an intersection, and this was not disputed at the trial. The road coming into the highway was referred to by the plaintiff as "Spring Street" and by the defendant as a "side road." All the photographs in the record show a road leading into the highway from both sides. (4) *Code Ann.* § 68-1626 begins, "No person shall drive a vehicle on a *street or highway* at a speed greater than is reasonable and prudent. . ." (Emphasis supplied). The cases of *Laing v. Perryman,* 31 Ga. App. 239, supra, *Sweeny v. City of Albany,* 94 Ga. App. 887 (96 SE2d 527), and *Shannon v. Martin,* 164 Ga. 872 (139 SE2d 671, 54 ALR 1246), cited by the defendants as limiting the term

"intersection" to intersecting highways, involved the construction of other acts and different provisions from those of *Code Ann.* § 68-1626. They do not support defendants' contention that there was no intersection at the location in question.

In ground 22 the defendant contends that it was error for the court to charge, in connection with plaintiff's allegation of negligence (d), that portion of *Code Ann.* § 68-1626(c) discussed in ground 4, for these additional reasons: The plaintiff testified that he was a distance of 300 feet from the alleged intersection, and a distance of 30 feet off the highway. The Code section does not require reduction of speed 100 yards from an intersection. The Code section was designed to protect motorists on intersecting highways, but not individuals seated 30 feet from the road.

It is true the plaintiff testified as defendant contends. Defendants' testimony, mentioned in the discussion of other grounds, indicates plaintiff was 75 or 80 feet from the alleged intersection. However, we do not think the distance to the intersection from where plaintiff was sitting is a controlling factor upon the issue raised by defendants, for the reasons hereinafter stated.

In his allegation of negligence (d), the plaintiff describes a violation of *Code Ann.* § 68-1626 as taking place as defendant approached the intersection. *Laing v. Perryman,* 31 Ga. App. 239, supra.

*Code Ann.* § 68-1626 requires that speed be controlled with regard to all the conditions of the highway, and subsection (c) requires reduction of speed "when approaching an intersection" and in several other situations. The court did not charge § 68-1626 in its entirety, but omitted most of subsection (c). It would have been more appropriate to charge the whole of subsection (c), but the defendant cannot complain of this. If the omission was harmful, it was harmful to the plaintiff. It cannot be said from the language of the Code section as a whole that the law was not intended to protect plaintiff from any of the possible violations thereof with respect to control of speed. The charge was not reversible error.

■ Ground 5 contends that it was error for the court to charge

*Code Ann.* § 68-1626(a), because this section was inapplicable and not supported by evidence in that plaintiff was seated 30 feet off the highway and therefore was not of the class of persons "on or entering the highway" whom the statute was intended to protect. Counsel cites no case and we find none to the effect that this section was not designed to protect the plaintiff, and for the reasons stated below, it is not necessary now to pass on this contention.

The court charged *Code Ann.* § 68-1626(a) and (b) in connection with plaintiff's allegations of negligence per se, and referred particularly to subsection (a) in connection with plaintiff's allegation of negligence (f). The court charged subsection (a) in its entirety: "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care." Whether or not all of the subsection was applicable, at least a part of it was applicable to plaintiff's contention (f) and to the evidence.

Where the court gives in charge an entire Code section, a part of which is inapplicable to the issues, this is not ground for reversal unless it appears that the inapplicable portion was calculated to mislead or erroneously affect the jury in its rendition of the verdict. *Grannemann v. Salley*, 95 Ga. App. 778 (99 SE2d 338). We do not think the charge was calculated to mislead or erroneously affect the jury.

In grounds 6, 7 and 9 defendants complain of the court's charges on the statutes relating to speed limits (*Code Ann.* § 68-1626(b)), giving in connection therewith the definition of a business district. The statute prescribes generally a 35-mile speed limit in a business district and a 60-mile limit at other places unless altered in the manner prescribed elsewhere in the statute. The defendant objects to the charge because the location in question is not shown to be in a residential district and because there was no proof that a speed limit lower than 60 miles per hour had been established by official action.

The testimony as to the speed limit was by a State patrolman: ". . . that is a posted zone there as to speed and it was posted, 30 miles per hour," and by the defendant Bishop: "I have driven Highway No. 78 quite often and to the best of my knowledge, the speed limit in the area where the accident occurred is posted, 35 miles per hour." The defendant himself proved a speed limit not inconsistent with the judge's charge. Such testimony by a party has the effect of a judicial admission under the principles applied in *Spector v. Model Const. Co.,* 95 Ga. App. 14 (96 SE2d 900), and *Robertson v. Carroll Furniture Co.,* 54 Ga. App. 841 (189 SE 273). See Green, Georgia Law of Evidence, p. 523, § 238. The defendants, therefore, could not have been prejudiced by the charges complained of. Furthermore, in *Hodges v. State,* 100 Ga. App. 611 (112 SE2d 373), this court held that testimony by a police officer that a defendant violated the speed limit in a residential area where the speed limit was 35 miles per hour, in the absence of any showing to the contrary, was sufficient to show that the area had previously been declared residential and appropriately marked.

These grounds further complain that the court stated in its charge: "There is undisputed evidence in the case that at the locality in question there was the posting of a speed limit." When under the evidence a fact is not in dispute the court may so instruct the jury. *McCloud v. State,* 166 Ga. 436 (143 SE 558); *Marshall v. Morris,* 16 Ga. 368, 376; *Abbott v. State,* 91 Ga. App. 380 (85 SE2d 615); *Imperial Investment Co. v. Modernization Const. Co.,* 96 Ga. App. 385 (100 SE2d 107); *Williams v. State,* 98 Ga. App. 346, 349 (105 SE2d 771).

The charges complained of in grounds 6, 7 and 9 therefore were not erroneous.

■ Ground 8 contends that the court should not have charged *Code Ann.* § 68-1641 (a), requiring that a driver shall not follow another vehicle more closely than is reasonable and prudent in all the circumstances, because there was no evidence from which the jury could find that the defendant was following too closely. The defendant testified to the effect that he was 37½ feet behind the car ahead of him, and 75 or 80 feet from the car that pulled out from the side road; and that "She pulled out

■

and this boy in front of me had to stop suddenly to keep from crashing into her, and at the same time, I had hardly stopping distance . . . and the sudden stop, I didn't have time, exactly, to stop without hitting him and knocking him into her." It appears from defendants' testimony that the car ahead of defendant was able to stop suddenly within a distance of 37½ feet. Evidence concerning the defendant's speed was in conflict but would support a finding that the defendant was driving up to 60 miles per hour. The evidence of the defendant's speed together with that of the distance between his truck and the cars ahead, and the fact that the car ahead of him did stop, would authorize a finding that he was following too close. The court's charge of Code Ann. § 68-1641(a), therefore was not erroneous.

■ In ground 12 defendant complains that the court charged, along with plaintiff's allegation of negligence (j) a part of Code Ann. § 68-1715(b) to the effect that every motor vehicle "shall be capable . . . of being stopped on a dry, smooth, level road free from loose material," upon application of the foot brakes "within the distances specified below or shall be capable of being decelerated at a sustained rate corresponding to these distances . . . vehicles or combinations of vehicles having brakes on all wheels; feet to stop from 20 miles per hour, 30. Deceleration in feet per second, 14."

Defendants contend this charge was error for several reasons, one of which was that there was no evidence as to whether defendant's truck had brakes on all four, or less than all four wheels; as to within how many feet defendant could stop; or as to how rapidly he could decelerate.

To authorize the court to charge on the issue of whether brakes are capable of performing as required by Code Ann. § 68-1715(b), there must be evidence that the brakes have been tested and as to whether or not they meet the statutory requirements. Since no such evidence was introduced, it was error for the judge to charge the jury on this issue and to fail to grant a new trial on this ground.

In ground 11 the defendants complain that the charge of the portion of Code Ann. § 68-1715(b) mentioned above without

charging the remainder of the section, applicable to vehicles with brakes on less than all wheels, was error. This ground is disposed of by the above holding.

■ Ground 13 objects to the court's charge: *"Code Ann.* § 68-1715(c) provides all brakes shall be maintained in good working order and shall be so adjusted as to operate as equally as practicable with respect to the wheels on opposite sides of the vehicle," because, the defendants contend, the evidence showed conclusively that the brakes were in good working order, and there was no evidence to the effect that they were not adjusted equally on both sides. The court's reading of the Code section immediately following plaintiff's contention of negligence (k), clarifies the requirements of the Code section, which were stated somewhat confusingly in the allegation. The defendant testified, however, that he could not stop the truck before colliding with the car 37½ feet ahead of him. There was evidence to the effect that after the defendant applied his brakes the truck skidded 148 feet before hitting a tree. From this evidence and that mentioned in Division 5, there could be an inference that the brakes were not effective.

In *Railway Exp. Agency v. Standridge,* '68 Ga. App. 836, 840 (24 SE2d 508) this court ruled upon an objection to a charge of a statutory requirement that "every motor vehicle, tractor and motorcycle, while in use and operation upon the streets or highways, shall at all times be provided and equipped with efficient and serviceable brakes." The defendant contended that the charge was not applicable to the issues and the evidence, since there was no evidence that the defendant's truck was not equipped with proper brakes. The court stated that the plaintiff had alleged a violation of the statute, and "It cannot be said as a matter of law, from the evidence as to the conduct of the defendant's truck while its driver was, according to one or more witnesses, endeavoring to control it so as to avoid a collision with the automobile of the plaintiff, that the jury was not authorized to find that the truck was not equipped with efficient brakes, and the charge complained of was pertinent and applicable to the evidence."

Therefore, the question arises whether the court in his charge

should have deleted the portion of the Code section dealing with equal adjustment of brakes. For the reason stated in Division 2 it was not error or harmful to the defendant for the court to charge *Code Ann.* § 68-1715 (c) in its entirety. *Grannemann v. Salley,* 95 Ga. App. 778, supra.

■ Ground 14 complains of another charge to the effect that, if the violation of a statutory requirement regarding brakes, as set forth in the Code sections charged, is shown, the defendant has the burden to come forward and prove such violation was not due to neglect on his part arising from actual or constructive knowledge of said defect or from negligent failure to inspect. Defendant contends that the court's instruction implied that, if defendant were shown to be in violation of any statutory requirement as to brakes, it would place upon him the burden to negate his liability, whether or not the particular violation was causally related to the plaintiff's injuries. The court included in its charge an instruction that negligence, not the proximate cause of plaintiff's injuries, could not render the defendants liable, whether it be ordinary negligence or negligence per se. Therefore, we think this contention of the defendant is incorrect.

The defendants contend that the inclusion of an instruction upon the duty of an owner or driver to inspect and discover hazardous defects, was prejudicial error because the plaintiff did not allege any failure to inspect as a ground of negligence. The court gave this instruction in connection with the charge upon the proof required of a defendant to rebut a showing of a statutory defect in brakes. It was not given as or in connection with any contention of the plaintiff.

The charges complained of must be construed in connection with the entire charge of the court. "In determining whether a portion of the charge excepted to is erroneous or not, it must be read in connection with what had been charged before and what was thereafter charged. It must be construed in its context. A charge which is disjointed and torn to pieces may, when the disconnected segments are considered standing alone, seem to be erroneous." *Spainhour v. Nolind,* 97 Ga. App. 362, 365 (103 SE2d 154); *Essig v. Cheves,* 75 Ga. App. 870, 879 (44 SE2d 712).

The charges complained of were not calculated to mislead the jury to the harm of the defendants and were not erroneous.

■ Grounds 15, 16, 17 and 18 complain of the court's charge that when improper functioning of a motor vehicle constitutes the violation of a statute, this constitutes negligence per se, and the defendant then must show it was not a violation because unintentional and not the result of his failure to exercise ordinary care. This instruction, directly following those complained of in ground 14 and others relating to the same point, obviously is related to the instructions immediately preceding it, and does not imply that violations of statutes other than those charged could be considered.

There was ample evidence, including that mentioned in discussion of the other grounds above, to support the instructions complained of. While these instructions could have been better phrased, they were not calculated to mislead the jury nor erroneous. *Essig v. Cheves,* 75 Ga. App. 870, supra.

■ Ground 19 complains that the following instruction given by the court was erroneous and prejudicial to the plaintiffs in error. "Whether, in the present case the defendant Bishop was confronted with a sudden emergency, and if so, exercised the proper degree of care, that is, ordinary care, in the situation are questions for the jury to determine, but you will understand, as I have charged you, that the doctrine of emergency is confined to instances where the emergency, if any, was not caused by the negligence of the defendant."

It is certainly not an incorrect statement of the law to say a person must exercise ordinary care in all circumstances, including the emergency. He must exercise the care of an ordinarily prudent person acting in the same or similar circumstances. The cases cited by the defendant recognize this. See *Cone v. Davis,* 66 Ga. App. 229 (17 SE2d 849).

■ In special ground 20 defendant contends that, while the court included in its charge the general law concerning the care required of an individual acting in sudden emergency, the court erred in refusing to charge further on this principle the language set forth in defendant's written request to charge. ". . . the law does not impose any duty on a man to guard against sud-

den, unforeseen and not reasonably to be anticipated acts of another person. I charge you further that the driver of an automobile, when confronted with a sudden peril (not arising from any fault of his own), will not be held negligent when he exercises his right to take care of himself and thus avoid death or bodily injury, provided he acts with such care as an ordinarily prudent person would exercise. This rule of law comes within the purview of self-defense, that is, self-protection against injury, and is but a phase of self-preservation which is said to be the first law of nature."

"Therefore, I charge you that if you find that Deumah B. Bishop, who was driving the truck of the Atlanta Metallic Casket Company at the time and place where the plaintiff herein was injured, was faced with a sudden emergency, as I have just defined it to you, and if you further find that his actions in driving suddenly off the highway and into the plaintiff were merely taken in order to protect himself against a sudden peril created by the emergency thus confronting him, then you would be authorized to find that Mr. Bishop was not, under the circumstances, negligent in causing the injuries to Mr. Hollingsworth, the plaintiff in this action."

The plaintiff's request to charge contained an imperfect and incomplete statement of the law, in that it did not include in the last sentence language similar to that contained in the first paragraph: "provided he acts with such care as an ordinarily prudent person would exercise." The court's refusal to charge was therefore not error. *Downs v. Powell*, 215 Ga. 62, 64 (108 SE2d 715).

■ In the general grounds defendants contend that a new trial should have been granted because plaintiff failed to prove his case as laid and did not prove any negligence. The evidence, as a whole, especially that referred to in the discussion of the special grounds, would support a finding of negligence and a verdict for the plaintiff.

For the reason stated in Division 6, a new trial should have been granted.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*