41399. HOWARD v. HALL, by Next Friend.
41400. HOWARD v. HALL.

ARGUED JULY 8, 1965—DECIDED SEPTEMBER 13, 1965.

*Pittman & Kinney, H. E. Kinney,* for plaintiff in error.

*Mitchell & Mitchell, Erwin Mitchell, Warren N. Coppedge, Jr.,* contra.

FELTON, Chief Judge. ■ Special ground 1 of the amended motions assigns as error the court's charge of *Code Ann.* § 68-1644, pertaining to the duties of a driver making a left turn at an intersection. The evidence showed that the so-called "intersection" involved a multiple-use driveway, used by the defendant among

others. The area within which a private driveway or private way joins with a public road is not an intersection as defined by law. *Code Ann.*, § 68-1504 (2a) (Ga. L. 1953, Nov. Sess., pp. 556, 561); *Laing v. Perryman,* 31 Ga. App. 239, 240 (2b) (120 SE 646); *Sweeney v. City of Albany,* 94 Ga. App. 887 (96 SE2d 527); *Shannon v. Martin,* 164 Ga. 872 (139 SE 671, 54 ALR 1246). If anything in the case of *Atlanta &c. Casket Co. v. Hollingsworth,* 104 Ga. App. 154, 158-9 (1) (121 SE2d 388), can be construed as authority to the contrary, it must yield to these statutory and prior judicial definitions. Special ground 1 was therefore meritorious.

■ Special ground 2 assigns as error the court's charge of *Code Ann.* § 68-1626 (c) (Ga. L. 1953, Nov. Sess., pp. 556, 577) as amended, which includes the requirement, among others, of driving at an appropriate reduced speed *when approaching and crossing an intersection.* "In a case where the court gives an entire section of the Code in charge, a part of which is applicable and a part not applicable, this court will not reverse the judgment *unless it further appears that the inapplicable part was calculated to mislead the jury and affect their verdict erroneously, or unless it should appear that the inapplicable part prejudiced the rights of the complainant.*" (Emphasis supplied.) *Atlanta Laundries Inc. v. Goldberg,* 71 Ga. App. 130 (2) (30 SE2d 349); *Moffett v. McCurry,* 84 Ga. App. 853, 862 (8) (67 SE2d 807); *Grannemann v. Salley,* 95 Ga. App. 778 (99 SE2d 338). The inclusion in the charge of this section of the requirement as to an intersection could have misled the jury into finding that the defendant was negligent with respect to an "intersection," whereas there was no intersection as defined by law, as was held in Division 1, hereinabove. Special ground 2 was therefore meritorious.

■ Special ground 3 assigns as error the following charge: "Plaintiff says that the defendant was driving the automobile at and over the intersection of said street at a rate of speed in violation of law, and that this was negligence per se." This charge was not an accurate statement of the plaintiff's contentions as expressed in the allegations of the petition, since the only allegation of negligence with regard to "the intersection"

is the defendant's failing to see the son as he (it is not indicated whether "he" refers to the son or the defendant) approached "the intersection" of said street (it not being alleged with what the street intersected). Furthermore, the term "intersection" has a specific legal meaning, as discussed in Divisions 1 and 2, hereinabove, and the use of this term in the above charge, even though used (or misused) in the petition, combined with the other charges complained of which used the term, was misleading to the jury. Special ground 3 was therefore meritorious.

■ Special ground 4 assigns as error the court's charging of the following portion of *Code Ann.* § 68-1658 (Ga. L. 1953, Nov. Sess., pp. 556, 593): "Notwithstanding the foregoing provisions of sections 68-1655 through 68-1660 every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway." It is contended that reference is made in this section to other sections which deal with pedestrians, that the reference to "any pedestrian" indicates that the section is for the benefit of pedestrians only, and that, therefore, "any child" must be limited to *pedestrian* children. The courts have applied the provisions of this section to bicyclists. *Collins v. Alewine,* 102 Ga. App. 172 (115 SE2d 721); *Hughes v. Brown,* 111 Ga. App. 676, 682 (8) (143 SE2d 30). Even if this were not so, the charging of this section would not be harmful error since, as was pointed out in the *Hughes* case, supra, p. 682 (8), the inclusion of the bicyclist imposes no greater duty on the defendant than does the common law. Special ground 4 is without merit.

■ Special ground 5 assigns as error the court's charging of *Code Ann.* § 68-1716, the first portion of which pertains to the requirement of vehicles' being equipped with a horn in good working order and the latter to the requirement to use it "when reasonably necessary to insure safe operations." Although neither the pleadings nor the evidence raised the issue of whether or not the defendant's automobile was equipped with a horn, the latter portion was adapted to the pleadings and the evidence and

the charge of the entire section was not likely misleading to the jury. While the charge is not reversible error it should not have been given. Special ground 5 is without merit.

■ Special ground 6 assigns as error the following charge: "Statements made out of court and not under oath are not evidence, but they are to be considered of value on the question of impeachment or discrediting the attacked witness." The defendant testified that, immediately following the collision and later in the hospital, the boy told the defendant, "You couldn't help it, it wasn't your fault," which statements the boy denied having made. The general rule is that proof of explicit voluntary admissions by the opposing party against his interest are prima facie evidence of the facts admitted. *William Hester Marble Co. v. Walton,* 22 Ga. App. 433 (4) (96 SE 269); *Scott v. Kelly-Springfield Tire Co.,* 33 Ga. App. 297 (1) (125 SE 773); *Henderson v. Henderson,* 94 Ga. App. 64, 72 (93 SE2d 822); Green, The Georgia Law of Evidence, p. 519. However, all admissions shall be scanned with care (*Code Ann.* § 38-420), and verbal admissions should be received with great caution. *Solomon v. Solomon,* 2 Ga. 18; *Miller v. Cotten,* 5 Ga. 341; *Hobbs v. New England Ins. Co.,* 212 Ga. 513, 520 (93 SE2d 653). The Supreme Court held in *Lunday v. Thomas,* 26 Ga. 537, that it is true in general that infants are not bound by their admissions. Any person less than twenty-one years of age is an infant in this State. *Dent v. Cock,* 65 Ga. 400. (1). We do not now decide whether this would mean that all persons under twenty-one are not bound by their admissions, since only the specific case of an eleven-year-old boy is here involved. While the decision of whether a child, or "infant," is competent to testify is one made in the sound discretion of the judge (*Code* §§ 38-1607, 38-1610 and 38-1611), based upon the capacity of the child to know the nature of the oath rather than upon his years, the admission in evidence of an infant's admission against interest must be very carefully scanned because of his immaturity and the deleterious effect such admissions would have. A boy of eleven years should be conclusively presumed to be of such tender years as not to be bound by his admissions. It follows that the charge, limiting the jury's consideration of such

alleged admission to the purpose of impeachment only, was correct. Special ground 6 is without merit.

■ Special ground 7 complains of the following charge: "The bicycle and the automobile have equal rights upon the highway, but their capacity for inflicting injury is vastly disproportioned. It follows also from this that the driver of an automobile cannot be said to be using the highways within his rights or to be in the exercise of due care if he takes advantage of the force, weight, and power of his machine as a means of compelling to yield to his machine superior rights upon the public highways designed for the use of all members of the public upon equal terms." Although this charge is in the exact language used in *O'Dowd v. Newnham*, 13 Ga. App. 220, 226 (2) (80 SE 36), with the exception that "bicycle" was substituted for "pedestrian," it was nevertheless error to so charge. Except where specific acts or omissions are declared negligent by statute the trial court may not tell the jury what is negligence. *White v. Knapp*, 31 Ga. App. 344 (5) (120 SE 796); *Elberton & E. R. Co. v. Thornton*, 32 Ga. App. 259 (1) (122 SE 795). Excerpts from opinions, although stating correct principles of law with respect to those particular cases, are not always proper in a charge to a jury. Special ground 7 is meritorious.

■ Special ground 8 assigns error on the following charge: "I charge you a driver of a motor vehicle, upon observing a child of tender years proceeding alongside or approaching the roadway on which he is driving in such a way that he can reasonably anticipate that said child might come upon the roadway and collide with his vehicle, it becomes his duty to use such care as an ordinarily prudent man would use under like or similar circumstances, to so run and operate his vehicle as to avoid coming into collision with such child." While the above was a correct statement of law, it was not adapted to the evidence, which indicated that the minor plaintiff was neither proceeding alongside nor approaching the roadway but was riding in the roadway itself and, further, that the defendant could not see him until the boy was 15 or 20 feet away due to the bicycle's speed and the curve with corn, weeds, etc. obstructing the defendant's vision. Special ground 8 was therefore meritorious.

■ Special ground 9 assigns error on the refusal to give the following requested charge in the exact language requested: "I charge you that if you were to find that the plaintiff was negligent in the operation of his bicycle, then it would be your duty to determine whether this negligence was apparent to the defendant, Mr. Howard, or by the exercise of ordinary care would have been apparent to him in time for him to have avoided colliding with the bicycle. If you find that the plaintiff was negligent and you further find that this negligence was not apparent to or in the exercise of ordinary care should have been apparent to the defendant, Mr. Howard, then you would return a verdict discharging the defendant from any liability." The requested charge would have allowed the jury to find that the defendant's liability was dependent upon his awareness of the minor plaintiff's negligence, if any, without regard to whether or not the defendant himself was negligent. The court therefore did not err in refusing to give the requested charge and in overruling the special ground.

■ Special ground 10 assigns error on the court's refusal to give a requested charge to the effect that if the jury should find that the minor plaintiff made any admissions against his interest this could be considered as prima facie evidence of the existence of the adverse fact. The court did not err in refusing to so charge since the general rule as to the effect of admissions against interest does not apply generally to minors, children or infants, nor specifically to the eleven-year-old plaintiff, as discussed in Division 6 hereinabove. This special ground is without merit.

■ Special grounds 11, 12 and 13 complain of portions of the charge which, it is contended, instruct the jury, in effect, that the defendant contended that, even if he were negligent, the plaintiff was guilty of equal or greater negligence in not avoiding the consequences of the defendant's negligence, whereas the defendant never admitted to being negligent at all. The charges, read in their context, instruct the jury that *if* they find that the defendant was negligent, etc., etc. The charges are reasonably construed to mean that the defendant was assuming his negligence merely arguendo. The question of the defend-

ant's negligence as alleged in the petition was an issue for the jury to decide based upon the evidence, and the charges complained of so submitted this issue. These grounds are without merit.

■ Special grounds 14 and 15 assign as error the court's admission in evidence of answers to two hypothetical questions on the ground that proper foundations were not laid therefor. The first question was as to what the witness considered to be a safe speed as he turned on Roosevelt Drive, particularly while children were out of school and likely riding their bikes and playing in that vicinity. The second question was whether, if a boy on a bicycle had come around the curve in question so far that he could see a car at the Owens mail box, this would mean that the boy was already around the curve at the time the car was at that mail box. The witness, as an automobile driver himself and as a resident of this particular neighborhood, was qualified to answer both questions, which dealt with conditions in that area with which he was familiar. The questions were sufficiently specific and adapted to the evidence. These special grounds are without merit.

■ Special ground 16 assigns error on the court's refusal to grant the defendant's motion for a mistrial on the ground that the plaintiff had testified on re-direct examination by his counsel as to what the defendant had told him regarding the defendant's automobile liability insurance. This testimony was elicited, it is contended by counsel for the plaintiffs, for the purpose of impeachment, the defendant having denied that any such conversation took place subsequently to the accident. The court erred in excluding this evidence since it was admissible for the purpose of impeachment, but did not err in overruling the motion for a mistrial, since the matter of insurance was admittedly already before the jury. Special ground 16 is without merit.

■ Special ground 17, in the plaintiff father's action only, assigned as error the admission in evidence of testimony as to the monetary value of the nursing care rendered to the injured minor plaintiff at home by his mother and grandmother. The evidence authorized but did not demand the finding that the

father was entitled to recover the value of nursing care furnished by the child's mother and grandmother. Special ground 17 is without merit.

The general grounds of the motions for new trial are abandoned.

The court erred in overruling special grounds 1, 2, 3, 7 and 8 of the amended motions for new trial.

*Judgments reversed.* *Jordan and Deen, JJ., concur.*