### 60697. HILL v. YARA ENGINEERING COMPANY et al.

SOGNIER, Judge.

This appeal arises out of an automobile accident occurring when plaintiff, Ella Vanessa Hill, was struck on the right rear of her vehicle by a truck driven by Robert L. Chambers and owned by Yara Engineering Corporation, while turning her automobile right from a public highway into a private driveway. Hill alleged bodily injury, psychological disturbances and a miscarriage resulting from the accident and sought damages. The jury returned a verdict for $2,800 in favor of the plaintiff and judgment was entered against the defendants.

Hill, who received a verdict in her favor claims error and seeks a new trial.

1. The first enumeration of error claims error in charging Code Ann. § 68A-601, which pertains solely to the duties of a vehicle operator turning from a public highway into an intersecting road or street. The pertinent parts provide:

"68A-601 Required position and methods of turning at intersections

"The driver of a vehicle intending to turn at an intersection shall do so as follows:

"(a) Right turn. Both the approach for a right turn and right turn shall be made as close as practicable to the right-hand curb or edge or [sic] the roadway."

This code section was formerly Code Ann. § 68-1644 and in *Howard v. Hall,* 112 Ga. App. 247 (145 SE2d 70) (1965), we held this former code section was not applicable to a turn made from a public highway into a private driveway and its charge in such instances was error. Since Code Ann. § 68A-601 is substantially the same as former Code Ann. § 68-1644, we again find its charge in similar circumstances to be error.

Appellees urge that even if the charge of Code Ann. § 68A-601 was error, it is harmless error, particularly since the jury found in favor of appellant. With this, we disagree. Appellant contends that her verdict was inadequate. With this contention, we neither agree nor disagree. Appellant postulates that because of the comparative negligence rule in Georgia, which was charged in this case, the jury

could have reduced her verdict as the charge of Code Ann. § 68A-601 placed an increased burden on her not contemplated by the law relating to private driveways. With this, we agree. Code Ann. § 68A-601 requires appellant to have her vehicle as far right as practical before making a right turn, while Code Ann. § 68A-604 is silent in this regard. In this instance and under these particular facts, we find the charge of this code section harmful error.

2. Error is claimed because the expert physician who had treated Hill for her miscarriage was allowed to give his opinion as to its cause in response to a question not couched in hypothetical form. "When an expert testifies to facts within his knowledge, it is not necessary that the question propounded be stated hypothetically. An expert may base his opinion upon facts which he knows and has observed. [Cits.]" Corbin v. State, 81 Ga. App. 353, 354 (58 SE2d 485) (1950). We find no error here.

Judgment reversed on the first enumeration of error. Deen, P. J., and Birdsong, J., concur.

DECIDED JANUARY 14, 1981 — REHEARING DENIED
JANUARY 30, 1981 — 

David G. Kopp, for appellant.
Joseph H. Davis, for appellees.